**SOLETANCHE AND RODIO, INC., Plaintiff,**

v.

**BROWN AND LAMBRECHT EARTH MOVERS, INC., Defendant.**

**No. 80 C 2777.**

United States District Court, N.D. Illinois, E.D.

April 15, 1983.

Order June 24, 1983.

George A. Platz, Albert Ritchie, Sidley & Austin, Chicago, Ill., for plaintiff.

Sheldon W. Witcoff, Louis Bernat, Allegretti, Newitt, Witcoff, & McAndrews, Ltd., Chicago, Ill., for defendant.

1. See attached exhibit A.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff has filed a motion seeking to have the court's order of December 7, 1981, vacated.

## FACTS

Plaintiff Soletanche and Rodio, Inc. ("plaintiff"), an American corporation, brought this suit against defendant for patent infringement. Plaintiff is the exclusive U.S. licensee of a French patent owned by Soletanche Societe Anonyme, a French corporation. This company, Soletanche Societe, S.A. ("Soletanche, S.A."), owns 99.-8188 per cent of the stock of Soletanche Enterprise, S.A., another French corporation, which in turn owns 100 per cent of the stock of plaintiff. Both of these French corporations are involuntary plaintiffs in this action.

In preparing its defense to this action, defendant propounded several interrogatories regarding the validity of the patent. Plaintiff claims that it does not possess this information. According to plaintiff, only Soletanche Societe Anonyme or Soletanche Enterprise, S.A. possesses this information, and these companies are prohibited by French law from releasing it. *See* Law No. 80–538 of the French Republic, enacted July 17, 1980.[1] This law forbids French citizens and corporations to communicate any information on economic, commercial, industrial, financial or technical matters to foreign public authorities. The penalty for violating this law is two to six months imprisonment and/or a fine of 10,000 to 120,000 French francs.

On September 23, 1981, we issued a minute order requiring plaintiff to respond to defendant's interrogatories and to produce certain documents no later than November 30, 1981. On December 7, 1981, we issued the order which is the subject of this motion. In that order, we again ordered plaintiff to answer these interrogatories and indicated that we would dismiss the case if plaintiff failed to comply.

Plaintiff asserts that this order should be vacated because the court lacks the inherent power to dismiss this case for failure to comply with discovery requests and because French law does not preclude defendant from obtaining the information it seeks.

DISCUSSION

■ Plaintiff is correct in arguing that the problem we are addressing must be dealt with in two stages. The first problem is whether we were correct in ordering plaintiff to answer defendant's interrogatories, even though to do so would require the involuntary plaintiffs to violate French law. As the Seventh Circuit recently stated, "the fact that foreign law may subject a person to criminal sanctions in the foreign country if he produces certain information does not automatically bar a domestic court from compelling production." *USA v. Earl Tripplett, Revenue Officer, IRS v. The First National Bank of Chicago*, 699 F.2d 341 at 345 (7th Cir.1983). In doing so, however, the court is required to engage in a sensitive balancing of the competing interests at stake in compelling such production. *See id.*

In *United States v. Vetco, Inc.*, 691 F.2d 1281 (9th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981), the court set forth the factors to consider in balancing competing interests. These factors are: vital national interests of each of the states; the extent and the nature of the hardship that inconsistent enforcement actions would impose upon the person; the extent to which the required conduct is to take place in the territory of the other state; the nationality of the person; and the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state.

■ There is a strong American interest in not enforcing an invalid patent, for the effect would be to permit plaintiff to have an unwarranted, undeserved monopoly. We believe this concern outweighs the potential interest the French might have in protecting industrial documents. This is especially so in this situation where plaintiff is seeking to invoke the protection of American laws without complying with the accompanying requirements of American law. *See Trade Development Bank v. Continental Insurance Co.*, 469 F.2d 35 (2d Cir.1972) (holding that the court had the power to order a foreign domiciliary to obtain a waiver of foreign restrictions to producing evidence where the party was seeking to avail itself of the process of our courts). Without the answers to defendant's interrogatories, we could not be assured that we would be enforcing a valid patent, nor would defendant be afforded a fair opportunity to defend itself against a claim of patent infringement.

With respect to the potential hardship our order would impose on plaintiff, we do not feel this outweighs the interests advanced by requiring plaintiff to provide the requested information. Violation of this French law could result in a short prison sentence and a fine (which would not exceed approximately $25,000.00), but we are not convinced that plaintiff would be penalized for complying with our order. As plaintiff admits in its memorandum submitted with this motion, the involuntary plaintiffs could request a waiver from the appropriate Minister, and if the waiver were granted, provide plaintiff with the necessary information without fear of punishment. In fact, the statute provides that persons affected by this law are supposed to inform the appropriate Minister, "without any delay," whenever they are requested to supply information covered by this law. Therefore, compliance with our order would not impose too great a burden on plaintiff or the French Soletanches. We are simply requiring the French Soletanches to contact the appropriate Minister, as the law already requires them to do, and request a waiver so that they may comply with our order.

In the event that the French government denies the waiver request, we would still require plaintiff to supply the necessary information. As stated earlier, the interest of United States courts in not enforcing invalid patents outweighs the potential pen-

alties the French Soletanches might suffer in complying with our order.

Consideration of the other factors mentioned in *United States v. Vetco, supra,* would not alter our conclusion. Therefore, we deny plaintiff's motion to vacate our order of December 7, 1981, and again hold that plaintiff must obtain the information necessary to answer defendant's interrogatories adequately and fully.

The second stage of inquiry will arise if plaintiff fails to comply with our discovery order. While the question is not presented at this time, we believe that we should provide some guidance regarding the possible sanctions.

In *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Court held that the district court could not dismiss a plaintiff's complaint for failure to comply with a discovery request where the plaintiff had made extensive good faith efforts to comply. The plaintiff in *Societe,* however, is distinguishable from the plaintiff here. In *Societe,* plaintiff made a good faith and diligent effort to comply with the discovery order and had tried to secure a waiver from the foreign government. Plaintiff in our case has merely requested its parent corporation to send the necessary information. Plaintiff has not demanded that the French Soletanches attempt to secure a waiver from the French government, nor has plaintiff independently sought such a waiver. The lack of such obvious efforts leads us to conclude that plaintiff has not used "extensive good faith efforts" to comply with our discovery order. Therefore, under the present circumstances, we would be inclined to dismiss plaintiff's case *without prejudice* if it failed to produce the requested information. The Supreme Court's holding in *Societe* would not be a bar to such a holding on these facts. The Court specifically stated that its ruling would not apply to every situation where a party is restrained by law from producing documents over which it is otherwise shown to have control. The Court held that the determination depends on the circumstances of a given case. *See Societe,* 357 U.S. at 205–206, 78 S.Ct. at 1092–1093. *See also United States v. Vetco, Inc., supra,* 691 F.2d at 1287 (holding that *Societe* left the district court wide discretion to use other means of obtaining compliance, to impose lesser sanctions against the plaintiff, and to draw inferences unfavorable to the plaintiff in the absence of complete disclosure).

With respect to plaintiff's argument that we have not found it has control over the requested information, we disagree. In our order of December 7, 1981, we held that this suit was really being brought for the benefit of Soletanche, S.A. and that plaintiff was merely an instrumentality by which Soletanche, S.A. exploits its patent in this country. Therefore, the actual plaintiff in this case is Soletanche, S.A. and this is the party which admittedly has control of the requested information. Given the identity of interests in this litigation, we feel that this satisfies any showing of control which might be necessary. Therefore, if plaintiff fails to comply with this discovery order, we will dismiss this case under Fed.R.Civ.P. 37(b)(2)(C), with leave to reinstate when the necessary information has been supplied.

CONCLUSION

Plaintiff's motion to vacate our order of December 7, 1981, is denied. Plaintiff is hereby ordered to answer defendant's interrogatories regarding the validity of its patent by May 23, 1983. All other discovery is stayed pending plaintiff's compliance with this order.

ORDER

In our opinion dated April 15, 1983, we ordered plaintiff to answer defendant's interrogatories regarding the validity of its patent by May 23, 1983. Plaintiff was instructed that its failure to comply with our discovery order would result in dismissal of its case. On June 1, 1983, we heard arguments on defendant's motion to dismiss this case under the terms of our April 15 opinion.

Plaintiff had not complied with our discovery order nor did plaintiff anticipate doing so in the near future. Therefore, we dismissed plaintiff's case without prejudice with leave to reinstate at such time as the answers to the interrogatories are provided. As a further condition of reinstatement, plaintiff will be required to reimburse defendant for its reasonable attorney's fees expended in connection with these discovery motions.

## APPENDIX

## EXHIBIT "A"

VERIFIED TRANSLATION OF LAW NO. 80–538 OF THE FRENCH REPUBLIC, ENACTED JULY 17, 1980

### AFFIDAVIT OF DOMINIQUE NAMY

I, Dominique Namy, am and have been since 1978, president of Soletanche and Rodio, Inc. the Plaintiff in Civil Action No. 80 C 2777 before the United States District Court for the Northern District of Illinois, Eastern Division;

I executed an Affidavit on November 23, 1981 that was filed with the Court in that Civil Action;

Exhibit B attached to that Affidavit executed November 23, 1981 was a copy of a letter dated July 9, 1981 from J.D. Montagnan to me enclosing the printed text of the new French Law referred to in that letter;

The following three pages comprise a free translation of that new French Law from French to English prepared by an employee of Soletanche and Rodio, Inc. and reviewed and approved by me:

### OFFICIAL JOURNAL OF THE FRENCH REPUBLIC

DATE: JULY 17, 1980

PAGE: 1799

### FREE TRANSLATION OF LAW No. 80538

Law No. 80–538 dated July 16, 1980 regarding the communication of documents and information on economical, commercial or technical matters to foreign physical or juridical persons.

The "Assemblee Nationale" (House of Representatives) and the Senate have carried, The President of the Republic promulgate the law which reads as follows:

Article 1—The title of the Law No. 68–678 dated July 26, 1968 regarding the communication of documents and informations to foreign authorities on seaborne trade matters is modified as follows:

"Law regarding the communication of documents and information on economical, commercial or technical matters to physical or juridical foreign persons.

Article 2—I—The article 1 of the Law No. 68–678 dated July 26, 1968, hereabove indicated is written as follows:

"Article 1—Subject to treaties or international agreements, it is forbidden to all physical persons being of french nationality or usually residing in France and to all managers, representative, agent or official of a juridical person having its head office or an establishment in France to communicate by writing, orally or under any other form, wherever it might be, to foreign public authorites, the documents or the information on economical, commercial, industrial, financial or technical matters, the communication of which can, by nature, interfere with the sovereignty, the security, the essential economical interests of France or with Law and Order, specified by the administrative authority when required"

II—It is added, after the article I of the Law No. 68–678 dated July 26, 1968, hereabove indicated, an article 1A written as follows:

"Article 1A—Subject to treaties or international agreements and laws and regulations in force, it is forbidden to all persons to ask, research or communicate, by writing, orally or under any other form, documents or information on economical, commercial, industrial, financial or technical matters leading to establishing proofs for use directly or indirectly in foreign judicial or administrative proceedings.

Article 3—The article 2 of the Law No. 68–678 dated July 26, 1968, hereabove indicated is modified as follows:

"Article 2—The persons affected by articles 1 and 1A must inform, without any delay, the Minister in charge whenever they are requested in any manner to provide such information."

Article 4—The article 3 of the Law No. 68–678 dated July 26, 1968, hereabove indicated is modified as follows:

"Article 3—Without prejudice to heavier sanctions stipulated by the Law, any infraction to the present Law articles 1 and 1A provisions will be punished with two months to six months imprisonment and with a 10,000 to 120,000 french francs fine or any one of these two penalties only."

The present law will be executed as State Law.

Paris, July 16, 1980

VALERY GISCARD D'ESTAING
President of the Republic

Prime Minister
RAYMOND BARRE

Justice Minister
ALAIN PEYREFITTE

Foreign Secretary
JEAN FRANCOIS-PONCET

Economy Minister
RENE MONORY

Industry Minister
ANDRE GIRAUD

Transports Minister
JOEL LE THEULE

Foreign Trade Minister
JEAN FRANCOIS DENIAU

Commerce and Craftsmen Minister
MAURICE CHARRAETIER

Dominique Namy

Subscribed and sworn to before me this 8th day of January, 1982.