Billy RICH, etc. et al., Plaintiffs,

v.

KIS CALIFORNIA, INC., etc. et al., Defendants.

Wayne Melvin BUIE, etc., et al., Plaintiffs,

v.

KIS CALIFORNIA, INC., etc., et al., Defendants.

Eugene BRADDY, etc., et al., Plaintiffs,

v.

KIS CALIFORNIA, INC., etc., et al., Defendants.

Lewis Eltan SUMMERS, etc., et al., Plaintiffs,

v.

KIS CALIFORNIA, INC., etc., et al., Defendants.

Nos. C–87–801–WS, C–87–908–WS, C–87–909–WS and C–88–076–WS.

United States District Court, M.D. North Carolina, Winston–Salem Division.

June 22, 1988.

L.G. Gordon, Jr., Winston–Salem, N.C., Norman B. Smith, Greensboro, N.C., for plaintiffs.

Raymond E. Owens, Jr., Alice Carmichael Richey, Charlotte, N.C., for Sogelease Corp.

Phillip S. Banks, III, Winston–Salem, N.C., for KIS California, Inc., KIS France, S.A., Serge Crasnianski.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Two matters are before the Court. Plaintiffs in Civil Action No. C–87–801–WS move to compel discovery from the two foreign litigants, *i.e.* KIS France, S.A., which is a French corporation, and its Chairman, Serge Crasnianski. In the consolidated actions (for purposes of discovery only), a party seeks to intervene as a plaintiff.

### *Motion to Compel*

Originally, plaintiffs sought to compel defendants to respond to Rule 34, Fed.R. Civ.P., requests for documents and Rule 33, Fed.R.Civ.P., interrogatories. Defendants resisted on two bases. First, they claimed that plaintiffs must procure the evidence in accordance with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (hereinafter referred to as "Hague Evidence Convention"), codified at 28 U.S. C. § 1781 Notes. The Convention establishes a method for pretrial discovery by use of the judicial authorities in the contracting states (such as the United States and France). It tends to be more cumbersome than the direct party-to-party discovery under the Federal Rules of Civil Procedure.[1] Second, defendants claim that they are prohibited from producing the evidence by virtue of Article 1A of the French "Blocking Statute" which provides for fine and imprisonment for disobedience.[2]

---

1. The Hague Evidence Convention provides for compulsory discovery by a Letter of Request sent by the judicial authorities of one state to a competent authority of the receiving state which will submit the request for execution, presumably by the judicial authorities. The executing authority applies its own laws as to methods, procedures and the extent of compulsion. The Convention also provides for non-compulsory discovery via diplomatic officers and consular agents. *See* 28 U.S.C. § 1781 Notes.

2. The French Blocking Statute, French Penal Code Law No. 80–538, provides:

Subject to treaties or international agreements and applicable laws and regulations, it is prohibited for any party to request, seek or disclose, in writing, orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith.

The parties mentioned in [Article 1A] shall forthwith inform the competent minister if they receive any request concerning such disclosures.

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. ——, —— n. 6, 107 S.Ct. 2542, 2546 n. 6, 96 L.Ed.2d 461, 473 n. 6 (1987). *See also Soletanche and Rodio v. Brown and Lambrecht*, 99 F.R.D. 269, 273–74 (N.D.Ill. 1983).

Plaintiffs' argue that *Societe Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. ——, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), governs this case. There, the Supreme Court held that the Hague Evidence Convention does not provide the exclusive or even preferred method for obtaining discovery information and documents in signatory nations. Defendants counter that in *Societe Nationale* there was no issue concerning personal jurisdiction over the defendants. Until personal jurisdiction is established, they contend the Federal Rules of Civil Procedure do not apply to them and discovery must proceed as if they were non-parties by use of the Hague Evidence Convention. Alternatively, defendants argue that the circumstances in this case call for plaintiffs to first use the Hague Evidence Convention to obtain the evidence prior to reliance on the Federal Rules of Civil Procedure.

General discovery has not yet begun because defendants contest this Court's personal jurisdiction over them. Plaintiffs, on the other hand, need discovery on the jurisdictional issue before they can address defendants' motion to dismiss. Thus, the discovery dispute has assumed somewhat major proportions since it is blocking a decision on the personal jurisdiction issue which, in turn, is delaying discovery on the merits. In an attempt to secure a speedy resolution of the impasse, the Court directed plaintiffs to pare down their requests. They have done so and now only request that defendants answer ten interrogatories. These interrogatories mainly apply to the corporate defendant and are designed to determine matters relevant to personal jurisdiction such as contacts and activities by defendant and its agents in this country. Defendants were requested to consider answering this limited request but have refused to do so.

## Discussion

■ In *Societe Nationale Industrielle Aerospatiale v. U.S. District Court, supra,* the Supreme Court ruled that foreign litigants could not insist on producing evidence solely through the Hague Evidence Convention, nor could they insist that such procedure be the primary one for directing discovery requests to them. However, use of Convention procedures was authorized. While the Supreme Court did not provide detailed rules for deciding when to require resort to the Convention, its opinion is not wholly without guidance. A district court must consider (1) the particular facts of each case, (2) the sovereign interest involved, and (3) whether resort to the Convention would be an effective discovery device. *Id.* at ——, 107 S.Ct. at 2556, 96 L.Ed.2d at 484. Relevant considerations for any particular case may include factors such as whether the discovery request may be deemed intrusive or simple. Thus, routine interrogatories will likely be permitted pursuant to the Federal Rules of Civil Procedure as opposed to requiring Convention procedures. *Id.* at ——, 107 S.Ct. at 2556, 96 L.Ed.2d at 485. The Court goes on to caution district courts to guard against abusive or unfair discovery to foreign litigants, presumably by use of the protective devices contained in the Federal Rules of Civil Procedure. *Id.* Should such devices prove ineffective or if the sovereign interest of the foreign state be one deserving recognition, the district courts should consider using Convention procedures.

The proponent of using the Hague Evidence Convention bears the burden of demonstrating the necessity for using those procedures. *Id.* at ——, 107 S.Ct. at 2557, 96 L.Ed.2d at 486; *Benton Graphics v. Uddeholm Corp.,* 118 F.R.D. 386 (D.N.J. 1987).[3] Defendants have not satisfied their

---

3. In *Benton Graphics v. Uddeholm Corp.,* 118 F.R.D. 386, 389 n. 2 (D.N.J.1987), the court rejected the conclusion in *Hudson v. Hermann Pfauter GmbH & Co.,* 117 F.R.D. 33 (N.D.N.Y. 1987), which would place the burden on the party opposing the use of the Convention. The court in *Hudson* reached this decision by relying on Justice Blackman's concurring and dissent-

ing opinion in *Societe Nationale Industrielle Aerospatiale v. U.S. District Court, supra.*

A reading of the majority opinion in *Societe Nationale* does not support the *Hudson* view. There, the majority, in rejecting an interpretation which would exclude the Hague Evidence Convention as an available discovery option, reaches this conclusion: "Moreover, such a rule

burden. They must demonstrate that plaintiff's discovery requests are intrusive, that an important sovereign interest of France is involved requiring use of the Convention and that use of Convention procedures could be effective.

Because plaintiffs have pared their discovery requests to ten interrogatories limited to the issue of personal jurisdiction, defendants cannot show that the information sought is intrusive. Rather, as it now stands, plaintiffs' interrogatories fall within that class of case in which the Supreme Court recommended use of the Federal Rules of Civil Procedure. Another reason for using the Federal Rules instead of Convention procedures concerns the immediate need for plaintiffs to have preliminary information concerning the jurisdiction issue. Until jurisdiction is resolved, the lawsuit will stagnate. This favors using the generally more efficient, Federal Rules of Civil Procedure.

Next, defendants fail to show that the discovery is in any way abusive or that using the Federal Rules of Civil Procedure will impinge on an important sovereign interest of the French nation. The only factor defendants present is the French Blocking Statute. *See* n. 2, *supra*. However, this statute, which is solely designed to protect French businesses from foreign discovery, is both overly broad and vague and need not be given the same deference as a substantive rule of law. *Societe Nationale, supra*, 482 at —— n. 29, 107 S.Ct. at 2556 n. 29, 96 L.Ed.2d 484 n. 29; *Minpeco, S.A. v. Conticommodity Services, Inc.*, 116 F.R.D. 517, 524 (S.D.N.Y.1987). In general, broad blocking statutes, including those which purport to impose criminal sanctions, which have such extraordinary extraterritorial effect, do not warrant much deference.

*Lyons v. Bell Asbestos Mines, Ltd.*, 119 F.R.D. 384 (D.S.C.1988). They may be contrasted with other foreign laws whose subject is a specifically identified, legitimate interest. *E.g. Minpeco, S.A. v. Conticommodity Services, Inc., supra* (Swiss bank secrecy laws). Finally, general arguments as to why the Convention procedures will better accommodate a foreign nation's discovery procedure will not suffice to invoke use of those procedures. *Benton Graphics v. Uddeholm Corp., supra*, at 391.

The final factor to take into account is whether use of the Convention procedures would be effective. Here, neither side has indicated that those procedures would not be effective. *Contrast Haynes v. Kleinwefers*, 119 F.R.D. 335 (E.D.N.Y.1988). However, defendants also do not show they will be more effective than use of the Federal Rules.

Considering all of the factors, the Court concludes defendants have not met their burden of showing that plaintiffs should be required to resort to discovery via the Hague Evidence Convention. The discovery is not intrusive and the efficiency of the party-to-party discovery of the Federal civil rules is needed. Defendants fail to show discovery abuse or a foreign sovereign interest making use of Convention procedures desirable.

The Court next considers the issue not discussed in *Societe Nationale*. That is whether the Hague Evidence Convention must be utilized prior to a determination of the issue of personal jurisdiction. Defendants argue that until personal jurisdiction is established, its status in the case is more akin to that of a non-party. Compulsory discovery of non-party foreigners may only be accomplished through use of the Hague Evidence Convention.

would deny the foreign litigant a full and fair opportunity to demonstrate appropriate reasons for employing Convention procedures in the first instance, for some aspects of the discovery process." 482 U.S. at ——, 107 S.Ct. at 2557, 96 L.Ed.2d at 486. This passage makes clear that the foreign litigant has the burden of persuading the district court of the reasons for employing Convention procedures. This is not inappropriate since the foreign party normally will have greater access to evidence concerning the

necessity for using Convention procedures and the sovereign interest involved. Moreover, this passage makes clear that the sovereign interest which may be advanced in favor of using the Convention will not necessarily apply to all of the potential discovery in the case. Therefore, this Court, like that in *Benton Graphics*, finds that the burden of persuasion rests on the foreign litigant who seeks a protective order requiring the other party to utilize Hague Evidence Convention procedures.

In determining a motion to dismiss for lack of personal jurisdiction, the Court may either postpone the decision and permit discovery, determine the motion on the basis of the pleadings and affidavits, or hold an evidentiary hearing. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). For determinations made on the basis of pleadings and affidavits, a plaintiff need only make a *prima facie* showing of jurisdiction. Eventually, however, the plaintiff must establish jurisdiction by a preponderance of the evidence in an evidentiary hearing, either before or during trial. *Id.; Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir.1986); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984).

When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous. *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357 (3d Cir.1983); *see also Enterprise Intern. v. Corporacion Estatal Petrolera*, 762 F.2d 464, 475 (5th Cir.1985); 4 J. Moore, J. Lucas & G. Grother, *Moore's Federal Practice*, § 26.56(6) (2d ed. 1987). However, where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition. *Poe v. Babcock Intern., PLC*, 662 F.Supp. 4, 7 (M.D.Pa.1985); *see McLaughlin v. McPhail*, 707 F.2d 800, 806–07 (4th Cir. 1983).

In the instant case, the Court finds that plaintiffs' request for discovery against the individual defendant Serge Crasnianski amounts to nothing more than a fishing expedition. Neither in the complaint nor otherwise have plaintiffs identified any basis for concluding that the Court has personal jurisdiction over Mr. Crasnianski. Indeed, it was only in his affidavit that he identifies himself as the Chairman of KIS France. Moreover, he states that he has never been in the State of North Carolina, nor had any contacts, business or otherwise, with this state. Plaintiffs have not made even a preliminary *prima facie* showing sufficient to justify even limited discovery confined to personal jurisdiction. Therefore, as to Mr. Crasnianski, any discovery would be a mere fishing expedition and in face of defendants' opposition, plaintiffs' request will be denied.

Discovery with respect to KIS France stands on a different footing. Plaintiffs allege that KIS France manufactured the photo processing equipment which it purchased. The seller of the equipment is KIS California, an American subsidiary, wholly owned by KIS France. This showing is sufficient to permit limited discovery. Therefore, the Court will address defendants' contention that personal jurisdiction discovery must be conducted via the Hague Evidence Convention.

KIS France essentially argues that until personal jurisdiction over it is established, this Court does not have sufficient authority to order it to answer discovery under the Federal Rules of Civil Procedure since it is a foreign citizen residing outside of this country. This argument misapprehends the nature of personal jurisdiction. The fact defendant is a foreign litigant does not require deviation from the principle that discovery under the Federal Rules of Civil Procedure may be employed to establish personal jurisdiction over it. The limitations espoused in the concept of personal jurisdiction do not find their basis in Article III of the Constitution. Rather, they stem from the due process clause. *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The restriction on judicial power arises "not as a matter of sovereignty, but as a matter of individual liberty." *Id.* The concepts of personal jurisdiction do not limit the Court's power or ability to order discovery under the civil rules as an aid to deciding issues of personal jurisdiction. *Id.*

Not only may a foreign litigant be compelled to answer personal jurisdiction discovery under the civil rules, but it may not assert the Hague Evidence Convention is entitled to preference. In construing the Hague Evidence Convention as an alternative discovery method, the Supreme Court in *Societe Nationale, supra,* did not carve out any exception for disputes involving personal jurisdiction. Sufficient protection is given by the Supreme Court's admonishment to district courts to be particularly sensitive to claims of abuse of discovery made by foreign litigants. When personal jurisdiction is contested by a foreign litigant, the court can restrict discovery to the issue of personal jurisdiction, issue protective orders pursuant to Rule 26(c), Fed.R. Civ.P., and prohibit fishing expeditions. It may be tempting to prefer use of Convention procedures until questions of personal jurisdiction are established. Such solicitation towards foreign sensibilities is counterbalanced by the greater need to obtain prompt and thorough resolution of the normally non-sensitive preliminary issues so that matters of merit may be reached. If use of the Federal Rules of Civil Procedure best promotes this objective, then those rules should be utilized. This is the situation in which the Court finds itself. Plaintiffs have limited their discovery requests to ten interrogatories. The Court concludes that use of the Federal Rules of Civil Procedure is in the best overall interest. Defendant KIS France shall be required to answer the interrogatories forthwith.

### Motion to Intervene

■ Two individuals seek to intervene as plaintiffs in one of these actions which are consolidated for purposes of discovery. These persons also purchased the photo processing equipment from defendants in North Carolina. They seek permissive intervention pursuant to Rule 24(b)(2), Fed.R. Civ.P. Defendants oppose the intervention claiming the addition of a separate cause of action by different parties would unduly complicate discovery and trial and be tantamount to granting plaintiffs' motion to consolidate for trial which the Court previously denied without prejudice.

It is unclear why the applicants seek to intervene in this action as opposed to bringing their own action. There are already four separate actions concerning separate purchases of photo processing equipment by different individuals. Perhaps these plaintiffs would hope to avoid having to serve the foreign defendants by intervening in one of these actions. However, the other parties have been able to serve defendants and the Court has permitted service of process by mail on the foreign defendants. *Rich v. KIS California, Inc.,* C–87–801–WS (M.D.N.C. April 25, 1988) [available on WESTLAW, 1988 WL 47605].

Plaintiffs point out that these actions all involve causes of action for breach of contract, breach of implied and express warranty, fraud, unfair trade practices, civil conspiracy and violation of the North Carolina Business Opportunity Act. They state that except for the names, dates and amounts invested, all of the complaints are identical.

■ Permissive intervention pursuant to Rule 24(b)(2), Fed.R.Civ.P., only requires that there be a common question of law or fact between the applicant's claim or defense and the original action. 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 1911 (1986). Notwithstanding the existence of common questions of law or fact, a request to intervene may be denied when granting the motion would unduly expand the litigation. *Sellers v. United States,* 709 F.2d 1469, 1472 (11th Cir.1983). In the instant cases, the plaintiffs raise, *inter alia,* claims of fraud and violation of the North Carolina Business Opportunity Act. The proof will necessarily be individual with respect to each claimant since they each must show *their* reliance on fraudulent representations, etc. In addition, the damage issue will also be highly individualized.

The applicants for intervention cite *Berman v. Herrick,* 30 F.R.D. 9 (E.D.Pa.1962), as supporting their motion. There, a building contractor brought breach of contract action against the owners claiming a

scheme to use an undercapitalized corporation to effect improvements in a building. The owners leased the building to the corporation which contracted for the work. Once the corporation became insolvent, the owners cancelled the lease, and recovered possession of the building with substantial balances remaining to be paid to the contractors. Subcontractors and suppliers moved to intervene in the action, prompted in large part because at that time the defendants were no longer subject to personal service even though defendants had been personally served at the time of the original complaint.

The Court finds *Berman* distinguishable. *Berman* involved a complicated scheme to defraud which overshadowed individual elements such as reliance on fraudulent statements. In contrast, in the instant case, from all that presently appears, the parties merely engaged in normal business transactions. Plaintiffs allege a garden variety fraud which is not uncommon in commercial litigation. They do not show the existence of an involved conspiracy or fraudulent scheme necessary to support intervention. The individual elements of reasonable reliance will, in comparison, play a much larger part in this litigation. Moreover, the damages for each litigant will not be a simple breach of contract for services or products supplied, but may involve calculation of lost profits, business opportunities, and other unliquidated individual losses.

Merely because the delay and prejudice incident to intervention will be minimal does not justify intervention when the conservation of judicial resources will, likewise, be minimal. *Wolf by Wolf v. Proctor & Gamble Co.,* 555 F.Supp. 613, 628 (D.N.J.1982). In the instant case, the Court simply does not see sufficient benefit to justify the added complications which would result from intervention. The Court has consolidated the actions for discovery which provides as much benefit as could be derived by permitting intervention.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel discovery from defendants KIS France and Serge Crasni-

anski (C–87–801–WS) is granted in part and denied in part, and defendant KIS France shall forthwith provide answers to plaintiffs' ten interrogatories.

IT IS FURTHER ORDERED that the motion to intervene by applicants for intervention Larry and Sharon Wells is hereby denied.