In re **BEDFORD COMPUTER CORPORATION** and Bedford Research Corporation, Debtors.

**BEDFORD COMPUTER CORPORATION,**
Plaintiff,

v.

**ISRAEL AIRCRAFT INDUSTRIES, LTD.,** Defendant.

**Bankruptcy Nos. 85–493, 85–494.**
**Adv. No. 87–2.**

United States Bankruptcy Court, D. New Hampshire.

Feb. 15, 1990.

Brenda Cotter, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for plaintiff.

Charles Viohn, Gaston Snow & Ely Bartlett, Boston, Mass., for defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, District Judge.

This Chapter 11 adversary proceeding involves a Motion for Protective Order filed by defendant Israel Aircraft Industries, Ltd., (IAI), in response to plaintiff Bedford Computer Corporation's (Bedford) Motion To Compel Discovery relating to its underlying turnover action. The undersigned bankruptcy judge has jurisdiction under 28 U.S.C. § 157, 28 U.S.C. § 1334, and the general reference order dated February 1, 1985 by the U.S. District Court for the District of New Hampshire to act in bankruptcy cases in this District subject to the provisions of the cited statutes. This matter came on for a hearing on August 9, 1989, and I then took the matter under submission, with the parties filing briefs.

## PROCEDURAL CONTEXT

1. Bedford is a New Hampshire corporation, with its principal place of business in New Hampshire, that filed for Chapter 11 in 1985.

2. IAI is an aerospace company organized and existing under the laws of the country of Israel, and having its principal place of business in Israel. IAI is wholly owned by the government of Israel.

3. IAI and Bedford entered into a Purchase and Sale Agreement dated June 25, 1983 for the development and sale of certain computer systems. The Agreement was modified on March 9, 1984 and December 5, 1984.

4. Bedford brought an adversary proceeding against IAI in 1987 alleging breach of the Agreement.

5. IAI filed a Motion to Dismiss Complaint for Lack of Personal Jurisdiction on May 31, 1989.

6. Bedford sought discovery, using the Federal Rules of Civil Procedure, to establish that there is personal jurisdiction in this case and that IAI has no immunity. Bedford has filed a Motion to Compel.

7. IAI sought a protective order claiming that only the district court had jurisdiction to decide this matter, that the defendant is a foreign sovereign entitled to immunity, that the motion to dismiss should be decided first, that discovery should be conducted by the rules promulgated by the Hague Convention not the F.R.C.P., and that discovery of IAI's American subsidiary should not be permitted.

## THE JURISDICTION ISSUE

In order to understand the dispute relating to jurisdiction it must first be established that IAI is a "foreign state" as defined by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* (FSIA). There is no dispute among the parties that IAI is a foreign state because it is "[an] entity (1) which is a separate legal person, corporate, or otherwise, and (2) ... a majority of whose shares or other ownership interest is owned by a foreign state ... and (3) which is neither a citizen of a state of the United States ... nor created under the laws of a third country," which makes it an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b), which makes it a foreign state under 28 U.S.C. § 1603(a).

Defendant argues on a statutory basis that the district court, and not the bankruptcy court, has jurisdiction to hear a matter involving a foreign state. Defendant starts with 28 U.S.C. § 1330(a) which reads:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state so defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

From this statute the Defendant further argues that only the district court can hear matters involving a foreign state, and a district court is defined in 28 U.S.C. § 132(b) as district judges.[1] In contrast, bankruptcy judges are separately defined in 28 U.S.C. § 151.[2]

The argument of the defendant goes further and states the only jurisdiction of the bankruptcy court is the bankruptcy jurisdiction of the district court contained in 28 U.S.C. § 1334 that is referred to the bankruptcy court in 28 U.S.C. § 157. Thus, the bankruptcy court has no jurisdiction derived from 28 U.S.C. § 1330 in the defendant's view.

■ I conclude on the contrary that there is a sufficient statutory basis giving a bankruptcy judge—as "a unit" of the district court for bankruptcy cases—power to act in such cases, and specifically including the present matter. Both 28 U.S.C. § 1334(b) and 28 U.S.C. 157 allow a federal court to decide matters "relating to" a Title 11 case. I believe an adversary proceeding implicating the FSIA is related to Title 11 as long as the underlying transaction is clearly a matter arising under Title 11. In this case, the turnover proceeding is a matter arising under Title 11. Indeed, the defendant's position proves too much because then a bankruptcy court would not be able to hear federal question cases and other matters relating to other federal laws which clearly Congress intended bankruptcy judges to hear.

It must also be remembered that all I am doing here is deciding that I have jurisdiction to hear the pending motions. This is not the same as deciding that there is jurisdiction over the defendant which will be decided at the subsequent hearing on the defendant's Motion to Dismiss.

## SOVEREIGN IMMUNITY

■ IAI's claim of sovereign immunity at this point is premature. Under the FSIA a foreign state loses its immunity under 28 U.S.C. § 1605(a)(2) where the foreign state has engaged in certain "commercial activity." That section provides:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
> (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial

---

1. The statute reads in part: "Each district court shall consist of the district judge or judges for the district in regular active service."

2. The statute reads in part: "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district."

activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes direct effect in the United States.

The first exception does not yet apply because there is no threshold showing of "substantial" commercial activity in the United States that has a sufficient *nexus* to the breach of contract with Bedford. See *America West Airlines, Inc., v. GPA Group Ltd.,* 877 F.2d 793 (9th Cir.1989). Consequently, this Court will not allow any discovery of the first exception to the FSIA in that plaintiff has failed to even assert any "nexus" facts that would support such discovery.

The purchasing of the computer system from a United States corporation after coming to the United States to inspect Bedford's equipment and negotiate the contract, see Affidavit of William A. Earnshaw, does make IAI arguably subject to this Court's jurisdiction under the second test of the statute. See *Obenchain Corp. v. Corp. Nacionale de Inversiones,* 656 F.Supp. 435 (W.D.Pa.1987). In addition, the third prong is implicated due to the "direct effect" of the nonpayment of a substantial contract amount. See *Gregorian v. Izvestia,* 871 F.2d 1515 (9th Cir.1989); *Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d. 300 (2d Cir. 1981). IAI is not immune if it can be shown through the evidence produced by discovery that one of the latter two "commercial activity" exceptions apply. Bedford should be given a chance to produce such evidence.

## PRECEDENCE OF DISCOVERY OVER JURISDICTION MOTION

■ IAI's argument that the personal jurisdiction issue can be decided before allowing discovery on this issue is not sustainable. The better rule on this issue is that "[W]hen plaintiff can show that discovery is necessary in order to meet defendant's challenge for personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS California, Inc.,* 121 F.R.D. 254, 259 (M.D.N.C. 1988). In this case, plaintiff's claim is not frivolous. The Affidavit of William A. Earnshaw establishes that representatives of IAI came to the United States to inspect Bedford's facilities and to negotiate the contract and then IAI received computer systems. There is evidence, therefore, that plaintiff can make a credible case for the statutory and constitutionally required contacts for personal jurisdiction. Thus, plaintiff should be allowed to have discovery limited to this issue before deciding the broader jurisdictional issues.

## APPLICABLE DISCOVERY RULE

■ IAI contends that discovery should be taken in accordance with the provisions of the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I. A.S. No. 7444, reprinted in 28 U.S.C. § 1781 Notes (the "Hague Evidence Convention"). On the other hand, Bedford wants discovery to proceed under the Federal Rules of Civil Procedure.

The leading United States Supreme Court case on this issue is *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). In this case, the court stated the Hague Convention does not provide an exclusive procedure for obtaining discovery within a signature nation. Rather, the court said the Hague rules were an option that could be used instead of the F.R.C.P. depending on the facts of each case.

Only one post-*Societe Nationale* case has been cited by the parties that involves discovery relating to personal jurisdiction. That is the case of *Rich, supra.* I believe it is well-reasoned and persuasive. In that case, the court used the F.R.C.P. because the requested information was not intrusive since only ten interrogatories were requested, the information was limited to issues of personal jurisdiction, there was an immediate need to have information regarding the jurisdiction issue so that issue

could be quickly decided and the lawsuit could proceed, the defendant failed to show an important sovereign interest was implicated, and the defendant failed to show Convention procedures would be more effective.

All of the reasoning and factors for decision of *Rich* apply to this case except that the totality of discovery sought in this case is too extensive, unnecessary and intrusive. It is far more than ten interrogatories and primarily relates to issues not relevant at this time. Otherwise, however, Bedford only seeks discovery of personal jurisdiction matters and there has been no showing of any prejudice to any sovereign interests. Indeed, the only effect of using the Hague Convention rules would be to further delay this adversary proceeding.[3] The solution is to limit the discovery sought, and still use the F.R.C.P.

### LIMITING THE SCOPE OF DISCOVERY

Much of the information Bedford seeks is unnecessary to the jurisdiction and immunity question and is unjustifiably intrusive. The principal problem is that Bedford seeks knowledge of all IAI contact with the United States. As previously stated, this information is unwarranted at this time because the first prong of the FSIA exceptions has not been implicated. The Court hereby makes the following reductions to make the discovery as unintrusive and pertinent as is appropriate in the circumstances.

#### A. Discovery of Subsidiary

■ IAI has a wholly owned subsidiary in New York. Bedford seeks discovery by the oral depositions of the subsidiary and through discovery requests of IAI to garner facts to buttress its jurisdiction claim. Specifically, Bedford seeks to establish if the foreign parent exercises sufficient control over the subsidiary or if the subsidiary acts as an agent for the parent. No involvement with Bedford has been shown to date. I view these factual issues unnecessary for the only two legitimate FSIA questions at this time and of no relevance to the constitutional issue, and, therefore, deny this aspect of discovery.

#### B. Interrogatories Dated June 15, 1989

Most of the interrogatories concern contracts with the entire United States which is not needed for the FSIA or constitutional questions. In addition, many of the interrogatories are unnecessarily burdensome. Thus, defendant shall only answer interrogatories 1–3, 10, 15(a), 16 and 25. Then, defendant shall answer interrogatories 7, 8, 9, 11, 12, 13, 14, 17, 18 only as they relate to New Hampshire. Finally, defendant shall answer interrogatory 4 relating to identifying documents only as those documents relate to interrogatory 16. Other interrogatories shall not be answered.

#### C. Document Request Dated June 16, 1989

This request is overly burdensome and defendant shall only comply with it to the extent it has been narrowed with the interrogatory request.

#### D. Notice of Deposition Dated July 10, 1989

The breath of documents requested for this deposition are unnecessary. Defendant shall respond to document matter 1 items only as they relate to New Hampshire, except that defendant shall respond to matter 1(d) fully. Defendant shall respond completely to matter 2. The scope of oral questions shall similarly be limited to these authorized areas. Defendant need not respond to the matter 3 items.

---

**3.** See *Rich, supra,* at 256.

"The Convention establishes a method for pretrial discovery by use of the judicial authorities in the contracting states (such as the United States and France). It tends to be more cumbersome than the direct party-to-party discovery under the Federal Rules of Civil Procedure.[1]
1. The Hague Evidence Convention provides for compulsory discovery by a Letter of Request sent by the judicial authorities of one state to a competent authority of the receiving state which will submit the request for execution, presumably by the judicial authorities. The executing authority applies its own laws as to methods, procedures and the extent of compulsion. The Convention also provides for non-compulsory discovery via diplomatic officers and consular agents. See 28 U.S.C. § 1781 Notes."

Defendant also complains it only got eight days notice. Although this may comply with the F.R.C.P., I believe in the international arena a minimum of twenty days notice is appropriate.

## CONCLUSION

This Court has power to act in this duly-referred bankruptcy case with regard to matters relating to a foreign state as defined in the FSIA in the pending adversary proceeding in this case. Consequently, this Court will order the defendants to respond to discovery requests by plaintiff as limited in this Opinion in accordance with the F.R.C.P. relating to issues of sovereign immunity under the FSIA and personal jurisdiction. The Court by separate order will so provide and will determine the discovery timetable.