Matthew J. SZULIK, individually and as trustee of the Kaitlin Szulik Trust, et al., Plaintiffs,

v.

TAG VIRGIN ISLANDS, INC. (formerly Taurus Advisory Group, LLC), et al., Defendants.

No. 5:10–CV–585–D.

United States District Court, E.D. North Carolina, Western Division.

May 2, 2011.

Pressly M. Millen, Womble Carlyle Sandridge & Rice, PLLC, Raleigh, NC, Daniel I. Small, Gordon P. Katz, Michael J. Stromsnes, Holland & Knight, LLP, Boston, MA, John L. Brownlee, Holland & Knight, LLP, McLean, VA, Tracy A. Nichols, Holland & Knight LLP, Miami, FL, for Plaintiffs.

Paul K. Sun, Jr., Ellis & Winters, E. Hardy Lewis, Blanchard, Miller, Lewis & Isley, P.A., Raleigh, NC, John J. Phelan, III, John J. Phelan, III, P.C., New York, NY, for Defendants.

## *ORDER*

WILLIAM A. WEBB, United States Magistrate Judge.

This cause comes before the Court upon Plaintiffs' motion for leave to conduct expedited jurisdictional discovery (D E–30). Defendants have responded to this motion (DE's 35 & 37), and the matter is now ripe for adjudication.

In December 2010, Plaintiffs commenced this action alleging that Defendants TAG Virgin Islands, Inc., James S. Tagliaferri and Patricia Cornell (the "TAG Defendants") served as their investment advisers for thirteen years and breached various duties causing Plaintiffs $60 million in damages (DE–1). Plaintiffs allege that Defendant Barry Feiner, who is an attorney, conspired with the TAG Defendants. *Id.* The TAG Defendants have filed a Motion to Dismiss, or in the Alternative, to Transfer Venue, contending that the Complaint should be dismissed because the Court lacks jurisdiction over them or that, alternatively, this action should be transferred to the District of Connecticut (DE–20). Defendant Feiner has also moved to dismiss, arguing that the Court lacks jurisdiction over him (DE–26).

Plaintiffs' Complaint does not contain a recitation of jurisdictional facts over these out-of-state Defendants. *See* F.R. Civ. P. 8(a)(1). There is language about subject matter jurisdiction and venue (D E–1, ¶¶ 16–17) but no separate allegations as to personal jurisdiction. In an attempt to bolster their jurisdictional showing, Plaintiffs have attached an affidavit to the instant motion (DE 30–1). Specifically, in this affidavit Plaintiffs allege that Plaintiff Matthew Szulik informed the TAG Defendants fifteen years ago that he was moving his family to North Carolina because he had accepted a job offer in Raleigh (DE 30–1, ¶ 4). Shortly after the family relocated, Mr. Szulik and his wife signed an Investment Management Agreement ("IMA") in North Carolina retaining TAG Virgin Islands, Inc. to manage their investment portfolio. *Id.* at ¶ 7. TAG Virgin Islands, Inc. is owned and operated by Defendants Tagliaferri and Cornell. The IMA included a choice of law provision evidencing the parties' understanding that Connecticut law would govern their conduct. (DE 1–2). When the contract was executed, Defendants were Connecticut residents and all parties understood that nearly all of the performance due under the IMA would be completed in Connecticut (D E 21–2, ¶ 5). For the ensuing thirteen years, the Szuliks entrusted the TAG Defendants with their investments (DE–30, pg. 3). On multiple occasions, Defendant Tagliaferri and/or Defendant Cornell met in person with Mr. Szulik in North Carolina for the purpose of discussing the Szuliks' investments (DE 30–1, ¶ 8). Plaintiffs also claim that "it appears that the TAG Defendants managed investments belonging to at least two other residents of North Carolina." *Id.* at 11.

Ultimately, however, Plaintiffs concede that they do not know the full extent of Defendants' contacts with North Carolina.

Therefore, Plaintiffs now seek expedited discovery concerning these contacts.

 Generally, "[w]hen [a] plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ... permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS California, Inc.,* 121 F.R.D. 254, 259 (M.D.N.C.1988). However, a court may deny jurisdictional discovery where the proposed line of inquiry would not alter the analysis of the personal jurisdiction issue. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers Inc.,* 334 F.3d 390, 402–403 (4th Cir.2003). Likewise, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." *Rich,* 121 F.R.D. at 259. *See also, Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory",* 283 F.3d 208, 216 n. 3 (4th Cir.2002). Furthermore, when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, denying jurisdictional discovery is appropriate. *Carefirst,* 334 F.3d at 402–403 (4th Cir.2003). Here, Plaintiffs concede that they do not know the full extent of Defendants' contacts with North Carolina, and therefore their request for jurisdictional discovery is speculative and conclusory (DE–30, pg. 3). Moreover, as will be discussed in more detail below, Plaintiffs have failed to establish a *prima facie* case for personal jurisdiction both on the face of their Complaint and also in the instant motion.

 This court may exercise personal jurisdiction over a non-resident defendant only in the manner provided for by North

Carolina law and only to the extent personal jurisdiction is consistent with constitutional due process. *See, Young v. New Haven Advocate,* 315 F.3d 256, 261 (4th Cir.2002); *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 (4th Cir.1993). Plaintiffs bear the burden of proving personal jurisdiction. *Mylan Labs., Inc. v. Akzo N.V.,* 2 F.3d 56, 60 (4th Cir.1993). Because North Carolina's long-arm statute is construed to extend jurisdiction to the full extent permitted by the Due Process Clause, this Court's inquiry is whether "defendant[s] ha[ve] such minimal contacts with the ... [S]tate [of North Carolina] that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Christian Science Bd. of Directors of First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 215 (4th Cir.2001) (internal quotations omitted). Two different types of personal jurisdiction have been recognized by the courts: general jurisdiction and specific jurisdiction. *See, CFA Inst. v. Inst. of Chartered Fin. Analysts of India,* 551 F.3d 285, 292 n. 15 (4th Cir.2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711–12 (4th Cir.2002). The former "requires continuous and systematic contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred." *CFA Inst.,* 551 F.3d at 292 n. 15 (internal quotations omitted). The latter "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *Id.*

■ Here, Plaintiffs allege that they: (1) have lived in North Carolina since 1996; (2) signed an investment management agreement in North Carolina in 1996; and (3) had communications with Defendants since 1996. They also contend that Defen-

dants traveled to North Carolina occasionally to discuss Plaintiffs' investments. Mere execution by Plaintiffs of a contract in North Carolina, however, does not give rise to personal jurisdiction. *See, Le Bleu Corp. v. Standard Capital Group, Inc.,* 11 Fed.Appx. 377, 379–81 (4th Cir.2001); *Diamond Healthcare of Ohio v. Humility of Mary Health Partners,* 229 F.3d 448, 452 (4th Cir.2000); *Ellicott Mach. Corp. v. John Holland Party Ltd.,* 995 F.2d 474, 478 (4th Cir.1993). Likewise, mere communications sent from outside the forum does not establish presence in that jurisdiction. *Stover v. O'Connell Assoc., Inc.,* 84 F.3d 132, 137 (4th Cir.1996). In short, the undersigned finds the facts alleged by Plaintiffs insufficient to establish a *prima facie* case for specific jurisdiction.

■ Thus, the question becomes whether the Defendants have such a connection with North Carolina that it is fair for the defendant to defend itself here. With regard to the TAG Defendants, they did not have any meaningful or intended contact with North Carolina or its residents sufficient for the exercise of personal jurisdiction. Defendant TAG VI has never been a resident of North Carolina, nor does it maintain an office in North Carolina (DE 21–2, ¶ 11). It does not regularly conduct business activities in North Carolina. *Id.* at ¶ 12–13. TAG VI does not maintain bank accounts or other assets in North Carolina. *Id.* at ¶ 14. Its limited contact with North Carolina stems solely from Plaintiffs' current residence in North Carolina, and includes only sporadic meetings. *Id.* at ¶ 15. Defendant Tagliaferri also has no meaningful personal connection with North Carolina. He has never: 1) been a North Carolina resident; 2) worked for or owned a North Carolina corporation; 3) owned or leased real property in North Carolina: or 4) maintained bank accounts in North Carolina. *Id.* at ¶¶ 18–20. His

limited connection with North Carolina was his occasional attendance at meetings arranged by Plaintiffs, and telephone calls and letters sent to Plaintiffs. *Id.* ¶ 21. However, those meetings and correspondence constituted a negligible part of the work that Defendant Tagliaferri performed for Plaintiffs. *Id.* at ¶ 21. Furthermore, those incidental contacts only exist because Plaintiffs sought out their relationship with Connecticut-based TAG VI. *Id.* at ¶ 21. Defendant Cornell's connection to North Carolina is also remote. She is a long-time resident of Connecticut and has never been a North Carolina resident. (DE 21-3, ¶ 3). Likewise, she has never: 1) worked for or owned a company based in North Carolina; 2) leased or owned property in North Carolina; 3) maintained a bank account in North Carolina; or 4) owned assets located in North Carolina. *Id.* at ¶¶ 4-7. Defendant Cornell's only contacts with North Carolina are her attendance at a Szulik family funeral, her limited participation in four business meetings arranged by Plaintiffs, and a letter she may have written to Plaintiffs. *Id.* at ¶¶ 8-9. Finally, Defendant Feiner: 1) lives and practices law in New York and only in New York; 2) has never resided in North Carolina and has never been in the State since summer camp in 1950; 3) has never had any business or property interest or law practice in North Carolina; 4) has never had any contact of any kind with Plaintiffs; 5) has never participated in any investment advice given to Plaintiffs and was unaware of what advice was given; and 6) was never engaged or retained by any of the Plaintiffs to render any legal services (DE-37, pg. 7-8). Thus, the undersigned also finds that Plaintiffs have failed to establish a *prima facie* for general jurisdiction.

In short,: 1) Plaintiffs' proposed line of inquiry would not alter the analysis of the personal jurisdiction issue; 2) Plaintiffs'

claims of personal jurisdiction appears to be attenuated and based on bare allegations; and 3) Plaintiffs have offered only speculative and conclusory assertions about Defendants' contacts with North Carolina. For these reasons, the instant motion (DE-30) is DENIED.

In the alternative, the undersigned notes that The Private Securities Litigation Reform Act ("PSLRA") states that when plaintiffs assert claims under the Securities Exchange Act of 1934, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Because Plaintiffs have failed make even a *prima facie* showing of personal jurisdiction, they have failed to establish they would be "unduly prejudiced" by a discovery stay. *See, In re Baan Securities Litigation,* 81 F.Supp.2d 75 (D.D.C.2000). Therefore, the PSLRA provides an alternate basis for denying Plaintiffs' request.

**Conclusion**

For the aforementioned reasons, Plaintiffs' motion for leave to conduct expedited jurisdictional discovery (DE-30) is DENIED.