**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bettis C. Rainsford, Appellant,

v.

Apex Bank, Jim Clayton, Matt Daniels, and Brad Hailey, Defendants,

Of whom, Matt Daniels and Brad Hailey are the Respondents.

Appellate Case No. 2019-001689

———————————

Appeal From Edgefield County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-122
Submitted November 1, 2022 – Filed March 22, 2023

———————————

**REVERSED AND REMANDED**

———————————

Vincent Austin Sheheen, of Savage Royall & Sheheen, of Camden; Jonathan M. Robinson and Shanon N. Peake, both of Smith Robinson, of Columbia, all for Appellant.

James H. Cassidy and Ross Buchanan Plyler, both of Roe Cassidy Coates & Price, PA, of Greenville, for Respondents.

———————————

**PER CURIAM:** Bettis Rainsford sued the Tennessee based Apex Bank, its founder Jim Clayton, and bank officers Matt Daniels and Brad Hailey. Daniels and Hailey moved to dismiss the action for lack of personal jurisdiction, and Rainsford moved to compel jurisdictional discovery against Daniels and Hailey. After a hearing, the circuit court denied Rainsford's motion to compel jurisdictional discovery and granted Daniels' and Hailey's motion to dismiss for lack of personal jurisdiction. We reverse and remand to allow Rainsford the opportunity to conduct jurisdictional discovery.

## I.

Rainsford's allegations against Apex and its officers center around a contract allegedly formed between Rainsford and Apex through its agent, Edgefield attorney Kevin Molony. Rainsford alleged Molony, working at the direction of Hailey, promised Rainsford that Apex would not pursue collection proceedings against Rainsford in exchange for Rainsford's cooperation in Apex's search for hidden assets owned by Rainsford's former business partner. Rainsford alleged, however, that after this agreement with Molony was formed, but before the formal written contract was executed, Molony commented to Rainsford that "the bank's CEO[, Daniels,] has become involved and that he's in charge now." Rainsford also alleged that Apex never sent him the executed written contract and instead soon started collection proceedings against him.

In the meantime, Rainsford's company, Gup's Hill, entered bankruptcy, and as part of those proceedings, Rainsford located an investor to purchase the mortgage on a property his company owned, the Edgefield Inn. However, before the negotiation with Rainsford's investor was finalized, Apex purchased the mortgage for the Edgefield Inn and subsequently filed a claim against Gup's Hill for the debt Rainsford owed. As part of the bankruptcy proceedings, Gup's Hill was required to pay $3,500 a month to Apex from January 2017 to October 2017, sell the Edgefield Inn, and pay the proceeds of the sale to Apex—ultimately paying Apex $768,553.85.

Rainsford filed this action alleging Apex, as well as Hailey and Daniels in their individual capacities: 1) committed breach of contract by pursuing collection proceedings against Rainsford, 2) violated the South Carolina Unfair Trade Practices Act by taking advantage of knowledge gained by the breach of contract to purchase the mortgage on the Edgefield Inn, and 3) interfered with Rainsford's prospective advantage of finding a purchaser for the Edgefield Inn's mortgage when Apex purchased the mortgage for itself. Rainsford alleged Daniels and Hailey were personally involved in Apex's "campaign" against him.

Daniels and Hailey moved to be dismissed as individual defendants for lack of personal jurisdiction. Rainsford moved to compel Daniels and Hailey to submit to jurisdictional discovery. In response, Daniels and Hailey filed affidavits disavowing contacts with South Carolina.

After a hearing on the motion to compel jurisdictional discovery, the court granted Daniels and Hailey's motion to dismiss for lack of personal jurisdiction and denied Rainsford's motion to compel jurisdictional discovery. This appeal followed.

## II.

We hold the circuit court exceeded its discretion in denying Rainsford's motion for jurisdictional discovery. Rainsford's claim that Hailey and Daniels were subject to personal jurisdiction in South Carolina was not clearly frivolous. *See Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 151, 723 S.E.2d 835, 839 (Ct. App. 2012) ("When [the] plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (alteration in original))). Given the allegations of Rainsford's complaint, it appears the scope and extent of Hailey's and Daniels' conduct involving Rainsford and his South Carolina companies and properties raise Rainsford's desire to pursue further jurisdictional discovery above the level of a fishing expedition. *Id*. at 151, 723 S.E.2d at 840 (stating "the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition" (quoting *Rich*, 121 F.R.D. at 259)). This is not a situation where the allegations are speculative or conclusory or demonstrate only a fortuitous and attenuated connection to South Carolina. *See Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 331, 594 S.E.2d 878, 884 (Ct. App. 2004) ("A single act that causes harm in this State may create sufficient minimum contacts where the harm arises out of or relates to that act."); *see also S. Plastics Co. v. S. Com. Bank*, 310 S.C. 256, 260–61, 423 S.E.2d 128, 131 (1992); *Hammond v. Butler, Means, Evins & Brown*, 300 S.C. 458, 464, 388 S.E.2d 796, 799 (1990).

We therefore reverse the order of the circuit court denying jurisdictional discovery as well as the order granting the motion to dismiss for lack of personal jurisdiction. We remand to afford Rainsford the opportunity to conduct jurisdictional discovery. Respondents may renew their motion to dismiss for lack of personal jurisdiction at the appropriate time, and we, of course, express no opinion on the merits of that issue.

**REVERSED AND REMANDED.**[1]

**GEATHERS and MCDONALD, JJ., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.