**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Elkin, Respondent,

v.

South Carolina Criminal Justice Academy, Appellant.

Appellate Case No. 2016-000034

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2017-UP-466
Submitted October 1, 2017 – Filed December 20, 2017

———————

**REVERSED**

———————

James M. Fennell, of South Carolina Criminal Justice
Academy, of Columbia, for Appellant.

C. Bradley Hutto, of Williams & Williams, of
Orangeburg, for Respondent.

———————

**PER CURIAM:** The South Carolina Criminal Justice Academy (the Academy) appeals the Administrative Law Court's (the ALC) order, which reversed the Academy's denial of John Elkin's law enforcement recertification. The Academy argues the ALC erred in (1) finding the Academy's decision was not supported by

substantial evidence and (2) substituting its judgment on the facts for the Academy's judgment.  We reverse.

1.  We find the ALC erred in holding the Academy's decision was not supported by substantial evidence.  Based upon our review of the record, we find that Elkin's testimony of his dishonesty and other officers' testimony confirming Elkin's dishonesty supported the Academy's denial of Elkin's recertification based on misconduct.  *See* S.C. Reg. 37-025(A) (Supp. 2017) (stating the Academy may deny certification based on evidence satisfactory to the Academy proving the candidate has engaged in misconduct, which is defined in part as, dishonesty or untruthfulness with respect to one's employer); S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2017) (providing the ALC may reverse the Academy's decision if its findings are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").  Because evidence exists supporting the Academy's finding, we find the ALC erred as a matter of law in holding the Academy's decision was unsupported by substantial evidence.  *See Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) (stating an appellate court may reverse the ALC's order if it is unsupported by substantial evidence in the record or contains an error of law).  Accordingly, we reverse the ALC's order.

2.  We also find the ALC erred in substituting its judgment on the facts for that of the Academy.  The Academy may consider mitigating factors when deciding whether to deny recertification based on misconduct; however, the Academy is not required to consider those mitigating factors.  *See* S.C. Reg. 37-025(B) (Supp. 2017) ("In considering whether to deny certification based on misconduct, the [Academy] *may* consider the seriousness, the remoteness in time[,] and any mitigating circumstances surrounding the act or omission constituting or alleged to constitute misconduct." (emphasis added)); *see also Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 352–53, 549 S.E.2d 243, 250 (2001) ("The use of the word 'may' [in a statute] signifies permission and generally means that the action spoken of is optional or discretionary unless it appears to require that it be given any other meaning in the present statute.").  Because the ALC placed more weight on the mitigating factors of regulation 37-025(B) than the Academy, the ALC erred as a matter of law when it reversed the Academy's ruling.  *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2017) (providing the ALC is prohibited from substituting its judgment for that of the Academy as to the weight of the evidence on questions of fact); *Paschal v. State Election Comm'n*, 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995) ("Whe[n] the terms of the statute are clear, the court must apply those terms

according to their literal meaning.").  Therefore, we reverse the ALC's order reversing the Academy's decision to deny Elkin's recertification.

**REVERSED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.