24197

H.W. Pat PASCHAL, Jr. as Chairman of the Greenville County Democratic Party and the Greenville County Democratic Party, Respondents v. The STATE of South Carolina ELECTION COMMISSION, Appellant.

(454 S.E. (2d) 890)

Supreme Court

N. *Heyward Clarkson, III* and *E. Scott Sanders, Gibbes & Clarkson, P.A.*, Greenville, *for appellant.*

*Michael Parham, Parham and Smith,* of Greenville, *for respondents.*

Heard Dec. 7, 1994; Decided Feb. 13, 1995.

Reh. Den. March 27, 1995.

WALLER, Justice:

The State Election Commission (SEC) appeals an order granted Respondent, H.W. Pat Paschal, Chairman of the Greenville County Democratic Party (Paschal), summary judgment. At issue is whether filing fees paid by unopposed political candidates, whose names were not listed on the ballot for the November, 1992 election, are to be retained by the SEC or the Greenville Democratic Party.

## FACTS

Paschal collected fees from fifteen candidates running for political office in the November, 1992 election. He forwarded a total of $8644.88 to the SEC as filing fees for all fifteen candi-

dates. Eight of the candidates were unopposed and their names were therefore not listed on the ballot. Thereafter, Paschal demanded the SEC return the filing fees of the eight candidates whose names did not appear on the ballot. The SEC refused, and Paschal instituted this action. Both sides moved for summary judgment. The trial court held that S.C. Code Ann. § 7-13-40 (Supp. 1993) did not require transmittal of filing fees of candidates whose names did not appear on the ballot and, therefore, ordered the SEC to return the filing fees paid by Paschal.

## ISSUE

Does S.C. Code Ann. § 7-13-40 (Supp. 1993) entitle the SEC to retain filing fees of unopposed political candidates whose names do not appear on the ballots to be voted in primary elections?

## DISCUSSION

S.C. Code Ann. § 7-13-40 (Supp. 1993) provides, in part:

> The filing fees for candidates **whose names are on ballots to be voted on in all primaries,**[1] except municipal primaries, must be transmitted by the respective political parties to the State Election Commission and placed by the executive director . . . in a special account designated for use in conducting the primaries and must be used for that purpose. (Emphasis supplied.)

If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *Miller v. Doe*, 312 S.C. 444, 441 S.E. (2d) 319 (1994). Where the terms of the statute are clear, the court must apply those terms according to their literal meaning. *Adkins v. Varn*, 312 S.C. 188, 439 S.E. (2d) 822 (1993) (emphasis sup-

---

[1] In 1994, the legislature amended the statute to provide that "the filing fees for all candidates **filing to run in all primaries**" must be transmitted to the SEC. (Emphasis supplied.) This amendment applies only to filing fees paid after its effective date. The amendment was signed by the governor on June 29, 1994. 1994 Acts No. 497, Part II, § 134. Clearly, the amendment now requires filing fees for all candidates regardless of whether his or her name appears on the ballot.

plied). This Court cannot construe a statute without regard to its plain and ordinary meaning, and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Berkebile v. Outen,* 311 S.C. 50, 426 S.E. (2d) 760 (1993).

Here, it is undisputed that the names of the eight unopposed candidates in question did not appear on the ballots in the November, 1992 election. Accordingly, under the clear, unambiguous terms of the statute, their filing fees were not required to be transmitted to the SEC.

The SEC attempts to create ambiguity by pointing to other statutes and the fact that a number of local parties did sent the filing fees for unopposed candidates. However, since the plain language of the statute is unambiguous, it is not within the province of this Court to search for another meaning.[2]

## CONCLUSION

Since the candidates in question were not listed on the ballots to be voted, the trial court correctly ruled that Paschal was entitled to a return of the monies paid to the SEC. The judgment below is.

Affirmed.

CHANDLER, C.J., FINNEY and MOORE, JJ., and M.D. SHULER, Acting Associate Justice, concur.

---

[2] The SEC also contends that to construe the statute as allowing the local parties to retain the filing fee unconstitutionally violates S.C. Const. art. X, § 5 since the money is not spent in accordance with the terms of the statute, i.e., it must be used for conducting primaries. The circuit court did not rule on this issue and it is, therefore, not preserved. *Cook v. SCDHPT,* 309 S.C. 179, 420 S.E. (2d) 847 (1992); *Hoffman v. Powell,* 298 S.C. 338, 380 S.E. (2d) 821 (1989). In any event, the statute designates only disposition of monies which must be transmitted to the SEC; what becomes of fees not required to be transmitted to the SEC is not addressed by the statute and is not presently before the Court.