533 S.E.2d 606

**The STATE, Respondent,**

v.

**Franklin BENJAMIN, Appellant.**

**No. 3176.**

Court of Appeals of South Carolina.

Heard April 11, 2000.

Decided May 30, 2000.

Rehearing Denied Sept. 2, 2000.

Assistant Appellate Defender Melissa J. Reed Kimbrough and Assistant Appellate Defender Katherine Carruth Link, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Walter M. Bailey, Jr., of Summerville, for respondent.

MOREHEAD, Acting Judge:

A jury convicted Franklin Benjamin of armed robbery, and the trial court sentenced him to life without parole pursuant to ·S.C.Code Ann. § 17–25–45(A) (Supp.1999). Benjamin appeals. We affirm.

In the early morning of May 7, 1997, at approximately 4:30 a.m., two men armed with a revolver robbed Dodge's convenience store in Orangeburg County. Police later identified one of the men as Franklin Benjamin and arrested him on May 8. On July 28 an Orangeburg County grand jury indicted Benjamin for the armed robbery.

Benjamin was convicted on January 27, 1998. Because Benjamin had been convicted the previous month of two triggering offenses, murder and armed robbery, the trial court sentenced him to life without parole as required by section 17–25–45(A), a "two strikes" or "recidivist" statute. *See State v. Burdette*, 335 S.C. 34, 515 S.E.2d 525 (1999). This statute provides in relevant part:

> Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions for:
>
> (1) a most serious offense. . . .

S.C.Code Ann. § 17–25–45(A) (Supp.1999). The statute further defines a "most serious" offense to include both murder and armed robbery. *Id.* at § 17–25–45(C)(1).

Benjamin's prior murder and armed robbery convictions resulted from a similar Calhoun County incident in which the victim was shot and killed. Those crimes occurred at approximately 12:30 a.m. on May 7, 1997, just four hours earlier than the armed robbery in Orangeburg County.

■ Benjamin argues section 17–25–45(A) should not apply in the case at bar because the instant armed robbery was merely part of a single continuous crime spree. Benjamin contends the legislative intent underlying the statute is to preclude parole "for offenders who show a propensity to commit violent crimes, not within the course of one series of

events, but over time and in spite of opportunities for reform." Thus, Benjamin argues the two prior convictions for the Calhoun County incident and the present conviction for the Orangeburg County incident should be treated as one conviction for sentencing purposes, rather than as separate convictions under section 17–25–45. We disagree.

Subsection (F) of section 17–25–45 states:

For the purpose of determining a prior conviction under this section only, a prior conviction shall mean the defendant has been convicted of a most serious or serious offense, as may be applicable, *on a separate occasion, prior to the instant adjudication.*

S.C.Code Ann. § 17–25–45(F) (Supp.1999) (emphasis added).

 When the language of a statute is plain, unambiguous, and conveys a clear and definite meaning, the application of standard rules of statutory interpretation is unwarranted. *Paschal v. State Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995); *Miller v. Doe,* 312 S.C. 444, 441 S.E.2d 319 (1994). The statutory terms, therefore, must be applied according to their literal meaning. *Paschal,* 317 S.C. at 436, 454 S.E.2d at 892; *Holley v. Mount Vernon Mills, Inc.,* 312 S.C. 320, 440 S.E.2d 373 (1994). In such circumstances, this Court simply lacks the authority to look for or impose another meaning and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Paschal,* 317 S.C. at 437, 454 S.E.2d at 892; *Berkebile v. Outen,* 311 S.C. 50, 426 S.E.2d 760 (1993).

The language of section 17–25–45(F) is clear. Where a defendant has been convicted for a most serious offense on an earlier, separate occasion, it is a "prior conviction" as defined by the statute's terms. Here, Benjamin does not dispute that he was convicted of murder and armed robbery prior to the conviction at issue in this case. The trial court, therefore, correctly sentenced him to a term of life without possibility of parole. *See* S.C.Code Ann. § 17–25–45(G) (Supp.1999) ("The provisions of Section 17–25–45(A) shall be mandatory.").

Furthermore, a comparison of the current version of section 17–25–45 with the statute as it appeared before substantial legislative revision in 1995 is instructive. Prior to January 1, 1996, the statute stated: "For the purpose of this section only,

a conviction is considered a second conviction only if the date of the commission of the second crime occurred subsequent to the imposition of the sentence for the first offense." S.C.Code Ann. § 17–25–45(1)(B) (Supp.1995). The General Assembly's amendment supplanting this provision with S.C.Code Ann. § 17–25–45(F) (Supp.1999) evidences a purposeful intent to apply the statute based on the dates of the relevant *convictions*, rather than the dates on which the underlying offenses were committed.

Benjamin cites *State v. Stewart*, 275 S.C. 447, 272 S.E.2d 628 (1980), and S.C.Code Ann. § 17–25–50 (1985) for the proposition that the court should treat multiple offenses closely connected in time as one offense for the purpose of sentencing. Benjamin also asks this court to look to S.C.Code Ann. § 24–21–640 (Supp.1999), a statute governing the granting of parole to those already convicted and sentenced for a violent crime, to determine the legislative intent underlying recidivist statutes. However, section 17–25–45(F) is a specific statutory section which governs sentencing for defendants with prior convictions for certain crimes, and it clearly states *"[f]or the purpose of determining a prior conviction under this section only,* a prior conviction shall mean the defendant has been convicted of a most serious ... offense ... on a separate occasion, prior to the instant adjudication." S.C.Code Ann. § 17–25–45(F) (Supp.1999) (emphasis added). The language of section 17–25–45(F) is plain and unambiguous, and we must give it effect without resorting to forced construction.

 Finally, Benjamin argues his sentence under section 17–25–45 violates equal protection because section 24–21–640, cited above, "serves basically the same legislative purpose" to preclude recidivism yet treats repeat offenders "sentenced under" it differently for the purpose of determining what constitutes a prior offense. Benjamin's argument is not preserved for our review. At trial Benjamin argued section 17–25–45 was unconstitutional in that it violated state and federal due process provisions, raising neither equal protection nor section 24–21–640 to the court. A constitutional argument is not preserved for appellate review where an appellant fails to argue the constitutional basis for his objection at trial. *See State v. Byram*, 326 S.C. 107, 485 S.E.2d 360 (1997); *State v. McWee*, 322 S.C. 387, 472 S.E.2d 235 (1996); *see also State v.*

*Bennett,* 328 S.C. 251, 493 S.E.2d 845 (1997) (a general objection at trial which does not include the grounds for the objection is too vague to preserve an issue for appellate review); *State v. Tucker,* 319 S.C. 425, 462 S.E.2d 263 (1995) (a party cannot argue one ground to the trial court and then argue another ground on appeal).

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.