723 S.E.2d 835

Matthew C. SULLIVAN, Appellant,

v.

HAWKER BEECHCRAFT CORP. (fka Raytheon Aircraft Co.), Raytheon Aircraft Co., Teledyne Continental Motors, Inc., J.P. Instruments, Inc., Pacific Scientific Company, Aircraft Belts, Inc., Dukes, Inc., FloScan Instrument Co., Inc., UMA, Inc. dba UMA Instruments, Inc., Orlando Avionics Corp. dba Orlando Aircraft Service, Mena Aircraft Interiors, Inc., Hickok, Inc., The Estate of John William C. Coulman, Deceased, The Estate of Eric Johnson, Deceased, Rodrick K. Reck, Phillip Yoder, and John Does 1–14 (whose true names are unknown), Individuals and/or corporations involved in the design, manufacture, inspection, installation, maintenance, servicing, and/or repair of Beechcraft V35 Bonanza Aircraft Registration No. N9JQ, its engine, fuel system, restraint systems, or component parts, Defendants,

of whom, Pacific Scientific Company, Aircraft Belts, Inc., and Mena Aircraft Interiors, Inc. are Respondents.

No. 4892.

Court of Appeals of South Carolina.

Submitted May 4, 2011.

Decided Sept. 21, 2011.

Withdrawn, Substituted, and Refiled Feb. 8, 2012.

Rehearing Denied March 29, 2012.

Blake Alexander Hewitt and John Nichols, both of Colum-
bia; Jamie R. Lebovits, Ellen M. McCarthy, and Brenda M.

Johnson, all of Cleveland, Ohio; Robert V. Phillips, of Rock Hill, for Appellant.

Jim Hunt of Los Angeles, California; Michael Wilkes, Melissa Nichols, and Derek M. Newberry, all of Spartanburg; Russell T. Burke, of Columbia; Susan Hofer and Payton Hoover, both of Charlotte, North Carolina, for Respondents.

KONDUROS, J.

Matthew Sullivan appeals the dismissal of Aircraft Belt, Inc. (ABI), Mena Aircraft Interiors, and Pacific Scientific (collectively Respondents) from his civil case for damages arising from an airplane crash. Sullivan argues the trial court erred in dismissing Respondents for lack of personal jurisdiction. Sullivan also contends the trial court erred in failing to allow him to conduct jurisdictional discovery and amend his complaint for a second time prior to dismissing the lawsuit with prejudice. We affirm.

## FACTS

Sullivan, a resident of Ohio, was injured in July 2005, when the airplane he was traveling in crashed in York County, South Carolina. The airplane was in route from the Ohio State University Airport to Rock Hill, South Carolina. An Ohio resident owned the airplane, a Beechcraft V35 Bonanza, and Sullivan alleged in the complaint it was maintained and serviced in Ohio, Florida, and Arkansas. The original purchaser of the airplane was also an Ohio resident.

Sullivan commenced two lawsuits as a result of the crash. Initially, he filed suit in Ohio state court in April 2006. In that litigation, Sullivan named several defendants including "John Doe" defendants, but never named Respondents. Almost three years after the crash, Sullivan inspected the airplane. Ohio's two-year statute of limitations had expired by the time of inspection, which led him to pursue his action in South Carolina.

On July 23, 2008, Sullivan filed his initial complaint in South Carolina against multiple defendants, including ABI and Mena. On August 25, 2009, Sullivan filed an amended com-

plaint, naming Pacific for the first time.[1]   In regards to personal jurisdiction, Sullivan asserted in the amended complaint the trial court had personal jurisdiction under S.C. Ann. § 36–2–803(A)(4) over all defendants named "because each has caused tortious injury within this State as set forth herein, and each regularly does or solicits business, or engages in a persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this State as contemplated under the statute."

In response to the amended complaint, Respondents filed motions to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), SCRCP.   The trial court heard the motions of ABI and Mena on January 5, 2009.   The trial court heard Pacific's motion for lack of personal jurisdiction on January 23, 2009.   Respondents argued Sullivan's amended complaint was insufficient to meet Sullivan's burden of making a prima facie showing of jurisdiction and the trial court lacked both general and specific personal jurisdiction.   ABI, Mena, and Pacific submitted an affidavit in support of their respective motions.

Respondents' affidavits asserted that their principal places of business were outside of South Carolina and at no time had any of Respondents solicited or conducted business in the state.   Additionally, they maintained (1) none of them exceeded one percent of their revenue from sales to customers located in South Carolina in the years leading up to the airplane crash, (2) no goods were produced or services rendered by Respondents in this state, and (3) Respondents never obtained a business license in South Carolina.

Sullivan did not conduct jurisdictional discovery on Respondents prior to the trial court hearing the motions to dismiss in January 2009.   Additionally, Sullivan did not offer any affidavits or other evidence to the trial court to support his assertion of jurisdiction over Respondents.   Sullivan did not allege that any of the products in the airplane were sold to anyone connected with South Carolina or that any services were

---

1.   Some defendants sought to dismiss pursuant to Rule 12(b)(8), SCRCP, due to the pendency of litigation involving the same claim and the same or substantially the same issues.   These included:   Orlando Avionics Corp. d/b/a Orlando Aircraft Services, Philip Yoder, The Estate of Eric A. Johnson, The Estate of John William C. Coulman, and Rodrick K. Reck.

performed to or on the airplane in this state. Sullivan relied solely on the long-arm statute for his argument that personal jurisdiction was established.

The trial court entered an order granting Mena's and ABI's motions to dismiss for lack of personal jurisdiction on January 30, 2009. Sullivan then filed a motion for leave to file a second amended complaint, in which he sought to add allegations regarding several defendants including Pacific. On April 13, 2009, the trial court entered an order granting Pacific's motion to dismiss for lack of personal jurisdiction.[2] This appeal followed.

## LAW/ANALYSIS

### I. Prima Facie Burden

■ Sullivan contends the trial court erred in determining his complaint and allegations could not support a finding of personal jurisdiction. Sullivan asserts his amended complaint meets the burden of a prima facie showing of personal jurisdiction and his allegation is not a legal conclusion. We disagree.

Rule 8(a), SCRCP, mandates that a complaint "shall contain (1) a short and plain statement of the grounds including facts and statutes upon which the court's jurisdiction depends[.]" Sullivan's allegations of personal jurisdiction are based on section 36–2–803(A)(4) of the South Carolina Code (Supp. 2010), which provides:

A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

. . .

---

2. Respondents chose to file their brief jointly because the issues and defenses are substantially similar. While the appeal initially involved the dismissal of other parties, on January 15, 2010, pursuant to agreements between Sullivan and those parties, the Court of Appeals issued an order dismissing the following parties from the appeal: Dukes, Inc.; FloScan Instruments Co. Inc.; The Estate of John William C. Coulman, J.P. Instruments, Inc.; Teledyne Continental Motors; Hickok, Inc.; Orlando Avionics Corp.; Rodrick K. Reck; Hawker Beechcraft Corp.; and Raytheon Aircraft Co.

(4) causing tortious injury or death in this State by an act or omission outside this State *if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State*[.]

(emphasis added).

■ "The determination of whether a court may exercise personal jurisdiction over a nonresident involves a two-step analysis." *Aviation Assocs. & Consultants, Inc. v. Jet Time, Inc.,* 303 S.C. 502, 505, 402 S.E.2d 177, 179 (1991). The trial court must (1) determine whether the South Carolina long-arm statute applies and (2) whether the nonresident's contacts in South Carolina are sufficient to satisfy due process. *Power Prods. & Servs. Co. v. Kozma,* 379 S.C. 423, 431, 665 S.E.2d 660, 664 (Ct.App.2008).

■ "[T]he party seeking to invoke personal jurisdiction over a nonresident defendant via our long-arm statute bears the burden of proving the existence of personal jurisdiction." *Moosally v. W.W. Norton & Co.,* 358 S.C. 320, 327, 594 S.E.2d 878, 882 (Ct.App.2004). "The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Id.* at 327, 594 S.E.2d at 882. "When a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Coggeshall v. Reprod. Endocrine Assocs.,* 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007). "The decision of the trial court should be affirmed unless unsupported by the evidence or influenced by an error of law." *Cockrell v. Hillerich & Bradsby Co.,* 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction either in the complaint or in affidavits." *Id.* at 491, 611 S.E.2d at 508.

■■ Sullivan relies solely on the language of section 36–2–803(A)(4) in arguing the trial court has personal jurisdiction without stating any general factual allegations to support his use of the long-arm statute. The repeating of the statute is insufficient to support a finding of personal jurisdiction, partic-

ularly based on the subsection of the long-arm statute Sullivan chose to plead. A prima facie showing of personal jurisdiction can be made through factual allegations in the complaint or through affidavits that establish a basis for the court to assert jurisdiction over an out-of state-defendant. *S. Plastics Co. v. S. Commerce Bank,* 310 S.C. 256, 259, 423 S.E.2d 128, 130 (1992). Sullivan did not submit any affidavits, and in his amended complaint, he did not allege Respondents had any direct contact with South Carolina.

Our state's long-arm statute affords broad power to exercise personal jurisdiction over causes of action arising from tortious injuries in South Carolina. *Cockrell,* 363 S.C. at 491, 611 S.E.2d at 508; *Moosally,* 358 S.C. at 329, 594 S.E.2d at 883. However, even with a liberal construction of the statute and the complaint, Sullivan has failed to allege any facts that show Respondents (1) have regular transactions of business or solicitation, (2) engage in a persistent course of conduct, (3) derive substantial revenue, or (4) consume goods or services rendered in South Carolina. Sullivan's inability to substantiate the trial court's authority over Respondents properly necessitated Respondents' 12(b)(2) motion be granted by the trial court. Thus, the trial court is affirmed.

## II. Jurisdictional Discovery

Sullivan also maintains the trial court erred in denying his request to perform additional jurisdictional discovery that would have allowed him to make a prima facie showing of jurisdiction. We disagree.

"When [the] plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS Cal., Inc.,* 121 F.R.D. 254, 259 (M.D.N.C.1988). "However, where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition." *Id.* "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in

denying jurisdictional discovery." *Tuttle Dozer Works Inc. v. Gyro–Trac (USA), Inc.,* 463 F.Supp.2d 544, 548 (2006) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 402 (4th Cir.2003)); *See Roberts v. Peterson,* 292 S.C. 149, 152, 355 S.E.2d 280, 281 (Ct.App.1987) (noting that where the state rule has adopted the language of a federal rule, federal cases interpreting the federal rule are persuasive).

Sullivan has offered mere speculation and conclusory assertions to support his request for jurisdictional discovery. The affidavits introduced by Respondents specifically deny jurisdictional acts or contacts. The record establishes the trial court's thorough review of all facts presented in favor of Sullivan and well-developed analysis of case law regarding jurisdictional discovery. Based on this court's standard of review, we defer to the trial court's discretion and affirm the trial court's decision.

On appeal, Sullivan argues the trial court misstated the burden the law imposes on a plaintiff at the initial stages of litigation. The order states "even at the initial pleading stage, Plaintiff bears the burden of *providing enough evidence to demonstrate that its assertion of personal jurisdiction over the Moving Defendants is meritorious,* and that there is sufficient cause to obtain jurisdictional discovery." (emphasis added). Sullivan is correct that a plaintiff is not required to assert he will be meritorious on personal jurisdiction; rather, he must demonstrate enough facts to support a prima facie showing. However, this issue is not preserved for review on appeal because Sullivan failed to raise this issue in a Rule 59(e), SCRCP, motion. *See Godfrey v. Heller,* 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct.App.1993) (holding when theory of unjust enrichment was first raised in judge's order, appellant should have challenged this basis for recovery by a Rule 59 motion to preserve the issue for appeal). Accordingly, this argument is abandoned.

We find the trial court properly applied the prima facie standard in determining whether or not Sullivan met his burden under Rule 8(a), SCRCP, and the long-arm statute. Additionally, the trial court did not abuse its discretion in

denying jurisdictional discovery. Thus, the decision of the trial court is affirmed.

### III. Dismissal of Second Amended Complaint With Prejudice

■■■ Sullivan contends *Spence v. Spence,* 368 S.C. 106, 628 S.E.2d 869 (2006), provides this court with the discretion to modify a lower court's order to find a dismissal is without prejudice. While we agree this court has the discretion to make such a determination, we affirm the trial court's decision to deny Sullivan the right to amend his second complaint with prejudice.

Rule 15(a), SCRCP, provides "[a] party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served[.]" Rule 15(a), SCRCP. "Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party." *Id.* "Courts have wide latitude in amending pleadings." *Berry v. McLeod,* 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct.App.1997). "[T]he decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal. The trial [court's] finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." *Id.*

The supreme court in *Spence v. Spence* stated that when a plaintiff is not given the opportunity to file and serve an amended complaint and "additional factual allegations or an alternative theory of recovery, which taken as true in a well-pleaded complaint may state a claim upon which relief may be granted," an appellate court affirming the dismissal may modify the order to find the dismissal is without prejudice. *Id.* at 130, 628 S.E.2d at 881–82. In this case, we find Sullivan, in both his Rule 59(e) motion and in his appellant brief, fails to cite any new factual allegations that would impact the jurisdictional issue. The trial court was within its discretion to deny Sullivan's motion to amend his complaint for a second time.

Because we find the trial court properly denied the motion to amend, we decline to exercise our discretion to find the dismissal was without prejudice allow Sullivan to amend his

complaint for a second time and accordingly affirm the trial court.

## CONCLUSION

The trial court properly dismissed Respondents pursuant to their motions to dismiss for lack of personal jurisdiction. Additionally, the trial court was within its discretion to deny both jurisdictional discovery and Sullivan's motion to amend his complaint for a second time. Accordingly, the judgment of the circuit court is

**AFFIRMED.**

SHORT and GEATHERS, JJ., concur.