THOMAS, J.:
**432 *452 In this civil action arising from an automobile accident, Price Oulla and Bonnie Oulla (collectively, the Oullas) appeal the circuit court's order granting Patten Seed Company's d/b/a Super-Sod (Super-Sod) motion for summary judgment. On appeal, the Oullas argue the circuit court erred in finding (1) the loader of a vehicle did not owe a duty under section 56-5-4100 of the South Carolina Code (2018) to ensure the load did not escape the vehicle and (2) the loader of a vehicle that travelled on a public highway did not owe a common-law duty to third-party drivers on public highways to ensure the load did not escape the vehicle. Further, the Oullas argue the circuit court erred in denying their motion to amend their complaint. We affirm.
FACTS/PROCEDURAL HISTORY
In July 2014, Harbison Community Association (Harbison) ordered two pallets of sod from Super-Sod for a landscaping project. On July 22, 2014, Harbison sent two employees-Cody Sox and Corey Branham-to pick up the sod from Super-Sod's location in Orangeburg. Sox and Branham drove a Harbison maintenance truck with a double-axle flatbed trailer from Columbia to Orangeburg to get the sod. They arrived at Super-Sod's location, completed the purchase, and drove to the sod loading site.
Prior to loading the pallets onto the trailer, Melvin Kearse, a Super-Sod employee working at the loading area, wrapped the sod using plastic wrap. Sox directed Kearse to load the pallets onto the flatbed trailer with one pallet placed in front **433 of the double-axle and the other pallet behind it. Using a forklift, Kearse loaded the pallets onto the trailer as directed. Sox and Branham inspected the trailer, checked the hitch, ensured the load was balanced, and confirmed the trailer bed was clean and free of debris. Although Sox intended to bring straps to tie down the pallets, he and Branham forgot to bring them. Sox asked if Super-Sod had any straps they could use, but he was told Super-Sod did not have any. Sox then decided to leave Super-Sod's property and drive back to Columbia without tying down or otherwise securing the pallets.
Sox and Branham drove for a short period of time without incident before taking a cloverleaf onramp to westbound Interstate 26 (I-26). Sox successfully exited the onramp and merged into the right-hand lane of the interstate highway. However, shortly after merging onto the highway, a blue tractor-trailer veered into Sox's lane, forcing him to take evasive action. Sox swerved into the shoulder of the interstate to avoid the tractor-trailer. Sox felt the flatbed trailer sway and decided to pull over onto the side of the interstate. When he stopped, Sox noticed the plastic wrap on one of the pallets had torn and approximately half of a pallet of sod had fallen off the back of the trailer. Although none of the sod struck any vehicles, much of it fell into the right-hand lane and forced traffic to the left-hand lane.
Sox called 911 and the operator dispatched a fire engine and a fire truck. When fire department personnel arrived at the scene, they blocked the right-hand lane of traffic while they removed the sod from the roadway. After they removed the sod, the firemen moved the fire truck off to the side of the road and reopened the right-hand lane for travel. Shortly afterward, fire department personnel received reports of an accident where traffic was still backed up. Price Oulla had been driving west on I-26 and had come to a stop due to the traffic congestion in the area. After Oulla stopped, Lisa Velazques drove into the back of his vehicle at a high rate of speed, causing injuries and damage to both vehicles.
On December 31, 2014, the Oullas filed a complaint for negligence against Velazques, Harbison, Sox, and Super-Sod. On May 5, 2016, Super-Sod filed a motion for summary judgment, arguing it did not owe a duty of care to the Oullas **434 and even if it did owe a duty, its conduct did not proximately cause the accident. Approximately thirty minutes prior to the hearing on Super-Sod's motion for summary judgment on June 29, 2016, the Oullas filed a motion to amend their complaint pursuant to Rule 15, SCRCP. The *453 proposed amended complaint included a reference to section 56-5-4100 as a basis for the Oullas' claim that Super-Sod owed them a duty of care and added a cause of action for breach of an implied warranty of merchantability. The Oullas argued against Super-Sod's motion but did not notify the circuit court they filed the motion to amend, move for a continuance, or object to the summary judgment hearing proceeding as scheduled.
At the hearing, the Oullas argued section 56-5-4100 imposed a legal duty on Super-Sod to secure its customers' vehicles and trailers and that duty extended to members of the traveling public. Additionally, the Oullas argued Super-Sod owed them a duty of care under common law principles. Super-Sod argued it had no legal duty to the Oullas under the statute or otherwise and its conduct was not the proximate cause of the Oullas' injuries. The circuit court granted Super-Sod's motion for summary judgment, finding Super-Sod did not owe the Oullas a duty of care under section 56-5-4100 or the common law, and even if it did, Super-Sod's conduct was not the proximate cause of the accident.
The Oullas filed a motion to reconsider under Rule 59(e), SCRCP, which the circuit court denied. The Oullas filed a notice of appeal. While the appeal was pending, the Oullas filed a motion for relief from judgment pursuant to Rule 60(b), SCRCP. In their motion, the Oullas argued the circuit court failed to rule on their motion to amend their complaint. Further, the Oullas argued that although their motion was made pursuant to Rule 60(b), it should be considered under the more lenient standard of Rule 15.
The circuit court denied the Oullas' motion for relief from judgment, finding the Oullas failed to show any mistake, inadvertence, or excusable neglect sufficient to award relief under Rule 60(b). Further, the circuit court stated that even if the motion was considered under the more lenient standard of Rule 15, the Oullas' motion would still fail because adding the claim for breach of warranty of merchantability would unfairly **435 prejudice Super-Sod and the amendment alleging a duty of care under section 56-5-4100 would be futile in light of the circuit court's prior grant of summary judgment on that issue. This appeal followed.
LAW/ANALYSIS
I. Motion to Amend the Complaint
The Oullas argue the circuit court abused its discretion by denying their motion to amend under Rule 60(b) because the circuit court should have considered their motion to amend under Rule 15 instead of Rule 60(b). We disagree.
A denial of a motion to amend under Rule 15 or a motion under Rule 60(b) is within the sound discretion of the circuit court. See Bowman v. Bowman , 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004) (holding a Rule 60(b) motion is subject to abuse of discretion review); Sullivan v. Hawker Beechcraft Corp. , 397 S.C. 143, 153, 723 S.E.2d 835, 840 (Ct. App. 2012) (holding a Rule 15 motion is subject to abuse of discretion review). Because both motions are subject to the sound discretion of the circuit court, they "will rarely be disturbed on appeal. The [circuit court's] finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." Sullivan , 397 S.C. at 153, 723 S.E.2d at 840 (quoting Berry v. McLeod , 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997) ). "An abuse of discretion occurs when the [circuit court]'s ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support." Fontaine v. Peitz , 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987).
Under Rule 15(a), SCRCP :
A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely *454 given **436 when justice so requires and does not prejudice any other party.
However, pursuant to Rule 60(b), SCRCP :
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
....
"In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.' " Rouvet v. Rouvet , 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) (quoting Mictronics, Inc. v. S.C. Dep't of Revenue , 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001) ).
No published South Carolina opinion states whether a post-judgment motion to amend should be considered using the standards of Rule 15 or Rule 60(b). However, South Carolina rules are similar to the federal rules. According to the commenters on the federal rules:
Although Rule 15(a)(2) [of the Federal Rules of Civil Procedure] vests the [trial court] with virtually unlimited discretion to allow amendments by stating that leave to amend may be granted when "justice so requires," there is a question concerning the extent of this power once a judgment has been entered or an appeal has been taken. Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60. The party may move to alter or amend the judgment within 28 days after its entry under Rule 59(e) or, if the motion is made after that 28-day period has expired, it must be made under the provisions in Rule 60(b) for relief from a judgment or order. This approach appears sound. To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the drafters of the rules included Rules 59(e) and 60(b)
**437 specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless.
6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (3d ed. 2010) (footnotes omitted). The majority of federal courts and courts in other jurisdictions agree with this view and have held that if a party seeks to amend a complaint after judgment, the party must first satisfy the more stringent Rule 59(e) or 60 standard before the court will evaluate the proposed amendment under the more liberal Rule 15 standard to amend complaints.[1] However, a minority of courts, including the Fourth Circuit Court of Appeals, have held courts considering whether to grant a motion to amend after the entry of a final judgment should apply the more lenient standard of Rule 15 and not the standards of Rule 59 or 60.[2]
Initially, we find the majority view applying Rule 60(b)'s more stringent standard before allowing a postjudgment motion to amend to be considered under Rule 15 favorable for the same reasons listed in section 1489 of Federal Practice & Procedure . See Wright and Miller, supra , § 1489 (stating the practice of requiring a movant's postjudgment motion to amend to meet the standards of Rule 60(b) before considering the motion under Rule 15 favors finality of judgments, *455 expeditious termination of litigation, and prevents the standards of Rule 60(b) from being rendered meaningless by Rule 15 ).
Turning to the present case, we find the circuit court did not abuse its discretion in denying the Oullas' motion to amend their complaint. See **438 Sullivan , 397 S.C. at 153, 723 S.E.2d at 840 ("The [circuit court's] finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." (quoting Berry , 328 S.C. at 450, 492 S.E.2d at 802 )). The circuit court found the Oullas failed to establish any mistake, inadvertence, surprise, or excusable neglect sufficient to grant their motion for relief under Rule 60(b)(1). Specifically, the circuit court found the Oullas failed to properly raise the issue of the pending motion to amend to the circuit court before it ruled on Super-Sod's motion for summary judgment. We agree.
Although the Oullas filed their motion to amend with the clerk of court on the day of the hearing on Super-Sod's motion for summary judgment, they failed to bring it to the circuit court's attention until well after the circuit court filed its order granting Super-Sod's motion for summary judgment. Additionally, in their motion to amend, the Oullas failed to point to any reason for their failure to bring this to the circuit court's attention and relied on the circuit court's lack of action on their motion as a ground for mistake, inadvertence, surprise, or excusable neglect. Further, the circuit court found the proposed amended complaint, specifically the claim for breach of warranty, would prejudice Super-Sod due to the lack of timeliness in raising the claim. We find the Oullas' failure to promptly bring the motion to amend to the circuit court's attention, lack of an explanation why they failed to bring this to the circuit court's attention, and the potential prejudice the late amendment of their complaint would cause Super-Sod are all factors the circuit court considered in deciding to deny the Oullas' motion. See Fontaine , 291 S.C. at 538, 354 S.E.2d at 566 ("An abuse of discretion occurs when the [circuit court]'s ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support."); Rouvet , 388 S.C. at 309, 696 S.E.2d at 208 ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.' " (quoting Microtronics, Inc. , 345 S.C. at 510-11, 548 S.E.2d at 226 )). Accordingly, we find the circuit court did not abuse its discretion in denying the Oullas' motion pursuant to Rule 60(b).
**439 II. Duty of a Loader
A. Standard of Review
"When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP." Hansson v. Scalise Builders of S.C. , 374 S.C. 352, 354, 650 S.E.2d 68, 70 (2007). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. at 354-55, 650 S.E.2d at 70 (quoting Rule 56(c), SCRCP ). "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." Id. at 355, 650 S.E.2d at 70.
"To prevail on a theory of negligence, the plaintiff must establish three elements: (1) that defendant owed a plaintiff a duty of care; (2) that by some act or omission, defendant breached that duty; and (3) that as a proximate result of the breach, the plaintiff suffered damage." Staples v. Duell , 329 S.C. 503, 506, 494 S.E.2d 639, 641 (Ct. App. 1997). As an initial matter, "[t]he court must determine, as a matter of law, whether the law recognizes a particular duty. If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law." Simmons v. Tuomey Reg'l Med. Ctr. , 341 S.C. 32, 39, 533 S.E.2d 312, 316 (2000). "Whether the law recognizes a particular duty is an issue of law to be determined by the court."
*456 Ellis v. Niles , 324 S.C. 223, 227, 479 S.E.2d 47, 49 (1996). "An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." Hendricks v. Clemson Univ. , 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003). "Determining the proper interpretation of a statute is a question of law, and [the appellate court] reviews questions of law de novo." Town of Summerville v. City of N. Charleston , 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).
B. Statutory Duty
The Oullas argue the circuit court erred in granting Super-Sod's motion for summary judgment because section 56-5-4100 **440 imposes a duty on the loader of a vehicle to secure a load of a vehicle traveling on public roads. The Oullas rely on the language of subsection (C), which they assert requires the loader of the vehicle to comply with the other provisions of 56-5-4100 and therefore, imposes a duty on the loader of a vehicle to ensure the load is secure. We disagree.
Under section 56-5-4100 of the South Carolina Code (2018):
(A) No vehicle may be driven or moved on any public highway unless the vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping from the vehicle, except that sand, salt, or other chemicals may be dropped for the purpose of securing traction, and water or other substance may be sprinkled on a roadway in the cleaning or maintaining of the roadway by the public authority having jurisdiction.
(B) Trucks, trailers, or other vehicles when loaded with rock, gravel, stone, or other similar substances which could blow, leak, sift, or drop must not be driven or moved on any highway unless the height of the load against all four walls does not extend above a horizontal line six inches below their tops when loaded at the loading point; or, if the load is not level, unless the height of the sides of the load against all four walls does not extend above a horizontal line six inches below their tops, and the highest point of the load does not extend above their tops, when loaded at the loading point; or, if not so loaded, unless the load is securely covered by tarpaulin or some other suitable covering; or unless it is otherwise constructed so as to prevent any of its load from dropping, sifting, leaking, blowing, or otherwise escaping from the vehicle. This subsection also includes the transportation of garbage or waste materials to locations for refuse in this State.
(C) The loader of the vehicle and the driver of the vehicle, in addition to complying with the other provisions of this section, shall sweep or otherwise remove any loose gravel or similar material from the running boards, fenders, bumpers, or other similar exterior portions of the vehicle before it is moved on a public highway.
Additionally, South Carolina law provides that "No person shall operate on any highway any vehicle with any load unless **441 such load and any covering thereon is securely fastened so as to prevent such covering or load from becoming loose, detached[,] or in any manner a hazard to other users of the highway." S.C. Code Ann. § 56-5-4110 (2018).
"The primary rule of statutory construction is to ascertain and give effect to the intent of the General Assembly." Beaufort Cty. v. S.C. State Election Comm'n , 395 S.C. 366, 371, 718 S.E.2d 432, 435 (2011). "[Our supreme court] has held that a statute shall not be construed by concentrating on an isolated phrase." Id. "[I]t is well settled that statutes dealing with the same subject matter are in pari materia and must be construed together, if possible, to produce a single, harmonious result." Id. "When the language of a statute is plain, unambiguous, and conveys a clear and definite meaning, the application of standard rules of statutory interpretation is unwarranted." Tilley v. Pacesetter Corp. , 355 S.C. 361, 373, 585 S.E.2d 292, 298 (2003) (quoting State v. Benjamin , 341 S.C. 160, 163, 533 S.E.2d 606, 607 (Ct. App. 2000) ). "In such circumstances, [the appellate c]ourt simply lacks the authority to look for or impose another meaning and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope." Id. (quoting Benjamin , 341 S.C. at 163, 533 S.E.2d at 607 ).
*457 We find the circuit court did not err in granting Super-Sod's motion for summary judgment because section 56-5-4100 does not impose a duty on the loader of a vehicle to ensure the load on the vehicle is secure. See Hansson , 374 S.C. at 354-55, 650 S.E.2d at 70 ("Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " (quoting Rule 56(c), SCRCP )); Ellis , 324 S.C. at 227, 479 S.E.2d at 49 ("Whether the law recognizes a particular duty is an issue of law to be determined by the court."). We find section 56-5-4100 only places a duty on the operator of a vehicle not to drive or move a vehicle on a public highway unless the vehicle is constructed or loaded in a way to prevent its load from escaping the vehicle. The statute states: "No vehicle may be driven or moved on any public highway unless the vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking or otherwise **442 escaping from the vehicle." § 56-5-4100(A) (emphasis added). Additionally, subsection (B) also includes language prohibiting "trucks, trailers, or other vehicles" from being "driven or moved on any public highway " when loaded unless they are in compliance with certain safety regulations. § 56-5-4100(B) (emphasis added). Further, the next section in the Code requires that an operator must make sure the load is secured: "No person shall operate on any highway any vehicle with any load unless such load and any covering thereon is securely fastened so as to prevent such covering or load from becoming loose, detached or in any manner a hazard to other users of the highway." § 56-5-4110 (emphasis added). We find these statutes and subsections, when read together, indicate the Legislature intended only to place a duty on the operator of a vehicle to refrain from driving or moving a vehicle on a public highway unless the load is secured. See Beaufort Cty. , 395 S.C. at 371, 718 S.E.2d at 435 ("The primary rule of statutory construction is to ascertain and give effect to the intent of the General Assembly."); id. ("[I]t is well settled that statutes dealing with the same subject matter are in pari materia and must be construed together, if possible, to produce a single, harmonious result."). Interpreting section 56-5-4100(C) as imposing a duty on the loader of the vehicle to ensure the load is secured, other than clearing the vehicle of debris as mandated by the subsection, would result in a forced construction that would improperly expand the statute's scope. See § 56-5-4100(C) ("The loader of the vehicle and the driver of the vehicle, in addition to complying with the other provisions of this section, shall sweep or otherwise remove any loose [debris from various] exterior portions of the vehicle before it is moved on a public highway."); Tilley , 355 S.C. at 373, 585 S.E.2d at 298 ("In such circumstances, [the appellate c]ourt simply lacks the authority to look for or impose another meaning and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope." (quoting Benjamin , 341 S.C. at 163, 533 S.E.2d at 607 )). Accordingly, we find section 56-5-4100 does not impose a duty on the loader of a vehicle to ensure the load is secured.
C. Common-Law Duty
The Oullas argue the circuit court erred in granting Super-Sod's motion for summary judgment because Super-Sod owed **443 them a common-law duty to ensure the load was secured. Specifically, the Oullas contend that because an improperly secured load on a trailer presents a foreseeable risk of harm to other drivers traveling on public highways, Super-Sod owed them a duty to properly secure the load once it undertook the service of wrapping the pallets of sod and loading them onto the Harbison vehicle's trailer. We disagree.
South Carolina has adopted section 323 of the Restatement (Second) of Torts. See Johnson v. Robert E. Lee Acad., Inc. , 401 S.C. 500, 504-05, 737 S.E.2d 512, 514 (Ct. App. 2012). Under that section:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure *458 to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other's reliance upon the undertaking.
Restatement (Second) of Torts § 323 (1965). Accordingly, a party may incur liability if that party undertakes an obligation to another. See Johnson , 401 S.C. at 505, 737 S.E.2d at 514.
Section 324A of the Restatement (Second) of Torts (1965) extends liability for those who render services to another to foreseeable third parties. The section states:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
**444 Restatement (Second) of Torts § 324A (1965). In contrast to section 323, South Carolina has specifically rejected section 324A. See Miller v. City of Camden , 329 S.C. 310, 315 n.2, 494 S.E.2d 813, 815 n.2 (1997) ("We decline to adopt the expanded liability of Restatement 2d of Torts § 324A (1965).").
"Foreseeability of injury, in the absence of a duty to prevent that injury, is an insufficient basis on which to rest liability." S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc. , 289 S.C. 373, 376, 346 S.E.2d 324, 325 (1986). "Foreseeability itself does not give rise to a duty." Id.
We find the circuit court did not err in finding Super-Sod did not owe the Oullas a duty of care under the common law. See Ellis , 324 S.C. at 227, 479 S.E.2d at 49 ("Whether the law recognizes a particular duty is an issue of law to be determined by the court."). We find Super-Sod did not assume a duty to the Oullas because Kearse merely placed the pallets of sod on the trailer as Sox directed. Holding Super-Sod assumed the duty of ensuring the pallets were properly secured to the trailer by merely placing the pallets on the trailer as its customer directed would extend the concept of duty in tort liability beyond reasonable limits. See Huggins v. Citibank, N.A. , 355 S.C. 329, 333, 585 S.E.2d 275, 277 (2003) ("The concept of duty in tort liability will not be extended beyond reasonable limits."). If Super-Sod assumed a duty, that duty was to Harbison, not to the Oullas or other third parties. See Johnson , 401 S.C. at 505, 737 S.E.2d at 514 (finding a party may incur liability if that party undertakes an obligation to another party and adopting the view of the Restatement (Second) of Torts § 323 ). Although it was likely foreseeable the pallets of sod were a danger to other drivers, such as the Oullas, if they were not properly secured, our supreme court has rejected the idea that one who undertakes a duty to render services to another should recognize a duty to third persons. See Miller , 329 S.C. at 315 n.2, 494 S.E.2d at 816 n.2 ("We decline to adopt the expanded liability of Restatement 2d of Torts § 324A (1965). This section imposes a duty on 'one who undertakes ... to render services to another which he should recognize as necessary for the protection of a third person' and requires no actual volunteer relationship between the defendant and the third party." (quoting **445 Restatement (Second) of Torts § 324A )). We find the mere fact it was foreseeable an unsecured load could be a danger to the Oullas and other drivers is insufficient to impose liability on Super-Sod under the common law. See Booz-Allen & Hamilton, Inc. , 289 S.C. at 376, 346 S.E.2d at 325 ("Foreseeability of injury, in the absence of a duty to prevent that injury, is an insufficient basis on which to rest liability."). Accordingly, we find the circuit court did not err in finding Super-Sod did not owe the Oullas a duty of care under the common law.
Because Super-Sod did not owe the Oullas a duty of care under section 56-5-4100 or under the common law, we find the Oullas failed to allege a duty sufficient to sustain a *459 claim of negligence. See Staples , 329 S.C. at 506, 494 S.E.2d at 641 ("To prevail on a theory of negligence, the plaintiff must establish three elements: (1) that defendant owed a plaintiff a duty of care; (2) that by some act or omission, defendant breached that duty; and (3) that as a proximate result of the breach, the plaintiff suffered damage."). Accordingly, we find Super-Sod was entitled to judgment as a matter of law. See Hansson , 374 S.C. at 354-55, 650 S.E.2d at 70 ("Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " (quoting Rule 56(c), SCRCP )); Simmons , 341 S.C. at 39, 533 S.E.2d at 316 ("The court must determine, as a matter of law, whether the law recognizes a particular duty. If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law."). Therefore, we affirm the circuit court's order granting Super-Sod's motion for summary judgment.
CONCLUSION
Based on the foregoing, we affirm the circuit court's orders denying the Oullas' motion to amend pursuant to Rule 60(b) and granting Super-Sod's motion for summary judgment.
AFFIRMED.
HUFF and KONDUROS, JJ., concur.

See Williams v. Citigroup Inc. , 659 F.3d 208, 213 (2nd Cir. 2011) ; The Tool Box, Inc. v. Ogden City Corp. , 419 F.3d 1084, 1087 (10th Cir. 2005) ; Ahmed v. Dragovich , 297 F.3d 201, 207-08 (3rd Cir. 2002) ; Vicom, Inc. v. Harbridge Merch. Servs., Inc. , 20 F.3d 771, 784 n.13 (7th Cir. 1994) ; Nextel Spectrum Acquisition Corp. v. Hispanic Info. & Telecomm. Network, Inc. , 571 F. Supp. 2d 59, 61 (D.D.C. 2008) ; Chrisalis Props., Inc. v. Separate Quarters, Inc. , 101 N.C.App. 81, 398 S.E.2d 628, 634 (1990) ; Johnson v. Bollinger , 86 N.C.App. 1, 356 S.E.2d 378, 382 (1987).

See Katyle v. Penn Nat'l Gaming, Inc. , 637 F.3d 462, 471 (4th Cir. 2011) ; Laber v. Harvey , 438 F.3d 404, 427 (4th Cir. 2006).