**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pet Helpers, Inc., Respondent,

v.

Janet Frisco, Appellant,

v.

Melissa Susko, Third-Party Defendant.

Appellate Case No. 2022-000775

———

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-190
Submitted May 1, 2025 – Filed June 11, 2025

———

**AFFIRMED**

———

Janet L. Frisco, of Summerville, pro se.

Stephan Victor Futeral, of Futeral & Nelson, LLC, of Mt. Pleasant, for Respondent.

———

**PER CURIAM:** Janet L. Frisco appeals the circuit court's order denying her second and third motions to amend, granting Pet Helpers, Inc.'s (Pet Helpers)

motion for partial summary judgment, and imposing sanctions on Frisco for failure to comply with court-ordered discovery.  On appeal, Frisco argues the circuit court abused its discretion when it (1) failed to allow Frisco to present her arguments at the hearing, (2) considered inadmissible evidence at the hearing, (3) did not allow Frisco to argue Pet Helpers omitted an issue of material fact, (4) failed to consider her motion for leave to supplement her answer, (5) failed to grant a continuance at the hearing, and (6) found her "guilty" of libel and slander.  Frisco also argues Pet Helpers' attorney abused civil process.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Frisco's argument that the circuit court abused its discretion by failing to allow her to present her arguments at the hearing is not preserved for appellate review because Frisco did not raise this issue to the circuit court during the hearing.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 185 (3d ed. 2016) ("[T]he issue must have been (1) raised to and ruled upon by the [trial] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [trial] court with sufficient specificity.").

2.  We hold Frisco's argument that the circuit court abused its discretion by considering inadmissible evidence at the hearing is not preserved for appellate review because Frisco did not make a specific objection to the evidence at the hearing.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); Toal et al., *supra* at 185 ("[T]he issue must have been . . . raised to the [trial] court with sufficient specificity.").

3.  We hold Frisco's argument that the circuit court did not allow her to argue Pet Helpers omitted a material issue of fact is without merit because the record indicates the circuit court allowed Frisco to present arguments in opposition to summary judgment at the hearing.

4.  We hold Frisco's argument that the circuit court abused its discretion in failing to consider her motion for leave to supplement her answer is without merit because the record indicates the circuit court did allow Frisco to discuss her motion.  Further, we hold the circuit court did not err in finding Frisco's second motion to amend was without merit because it was filed pursuant to Rule 15(b), which allows

for pleadings to be amended to conform to the evidence presented during a trial, and no trial had occurred. *See* Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties . . . . Such amendment of the pleadings may be necessary to cause them to conform to the evidence . . . ."). To the extent Frisco argues the circuit court erred in denying her second and third motions to amend, we hold the circuit court did not abuse its discretion because Frisco did not provide a proposed amended pleading with either her second or third motions to amend, which would have been necessary to enable the circuit court—and this court—to determine if Pet Helpers would suffer prejudice as a result of the amendment. *See Oulla v. Velazques*, 427 S.C. 428, 435, 831 S.E.2d 450, 453 (Ct. App. 2019) ("A denial of a motion to amend under Rule 15 [of the South Carolina Rules of Civil Procedure] . . . is within the sound discretion of the circuit court."); *id.* (stating the circuit court's denial "will not be overturned without an abuse of discretion or unless manifest injustice has occurred" (quoting *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 153, 723 S.E.2d 835, 840 (Ct. App. 2012))); *id.* ("An abuse of discretion occurs when the [circuit court's] ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support." (alteration in original) (quoting *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987)); *Ball v. Canadian Am. Exp. Co., Inc.*, 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct. App. 1994) ("[I]f late amendment of the pleadings would cause prejudice to the opposing party, the court should either deny the amendment or grant a continuance reasonably necessary to allow the opposing party to meet the amendment."); *id.* ("Prejudice occurs when the amendment states a new claim or defense which would require the opposing party to introduce additional or different evidence to prevail in the amended action.").

5. We hold the circuit court properly exercised its discretion in denying a continuance by ruling that Frisco filed her affidavit in bad faith based on her conduct throughout the case and failure to complete discovery. *See Jackson v. Speed*, 326 S.C. 289, 309, 486 S.E.2d 750, 760 (1997) ("A motion for continuance is within the sound discretion of the trial court and the ruling will not be reversed without a clear showing of abuse."); *Oulla*, 427 S.C. at 435, 831 S.E.2d at 453 ("An abuse of discretion occurs when the [circuit court's] ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support.") (alteration in original) (quoting *Fontaine*, 291 S.C. at 538, 354 S.E.2d at 566)). The record demonstrates Frisco had not engaged in discovery since December 2021, but she instead filed documents and sent emails to Pet Helpers' counsel with disparaging statements.

6.  We hold the circuit court did not err in granting summary judgment because when viewed in the light most favorable to Frisco, there was no genuine issue of material fact that Frisco committed libel per se or slander per se with malice.  *See Holst v. KCI Koncranes Intern. Corp.*, 390 S.C. 29, 35, 699 S.E.2d 715, 719 (Ct. App. 2010) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard of review as the trial court under Rule 56(c) [of the South Carolina Rules of Civil Procedure].");  *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (stating under Rule 56(c), "the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'" (alteration in original));  *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party.").  As to the elements of defamation, the record indicates Frisco published false written statements on social media alleging Pet Helpers killed her dog and staged his adoption; she also held signs while protesting at Pet Helpers publishing the statement that "corporate greed" killed her dog.  We hold these statements were defamatory because they had the potential to harm Pet Helpers' reputation as a "no-kill" shelter.  *See Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002) (stating a published statement "is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him").  Therefore, we hold Frisco's statements satisfied the first three elements of defamation.  *See id.* ("[T]o prove defamation, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault . . . .").

As to the fourth element of defamation, we hold Frisco's statements constituted both slander and libel actionable per se with malice.  *See id.* ("[T]o prove defamation, the complaining party must show: . . . (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm.").  We hold Frisco's written social media statements degraded Pet Helpers' reputation in the community as a "no-kill" shelter and constituted libel per se with presumptive malice.  *See Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 510, 506 S.E.2d 497, 502 (1998) ("Libel is actionable per se if it involves 'written or printed words which tend to degrade a person, that is, to reduce his character or reputation . . . or to disgrace him, or to render him odious, contemptible, or ridiculous . . . .'" (quoting *Lesesne v. Willingham*, 83 F.Supp. 918, 921 (E.D.S.C. 1949)));  *id.* at 510, 506 S.E.2d at 501 ("If a defamation is actionable

per se, then under common law principles the law *presumes* the defendant acted with common law malice and that the plaintiff suffered general damages."). Second, we hold Frisco engaged in slander per se with presumptive malice because she made verbal statements accusing Pet Helpers—a "no-kill" animal shelter—of euthanizing her dog, animal cruelty, killing her dog for "corporate greed," and being "dishonest and deceptive." Therefore, we hold Frisco's accusations had the potential to injure Pet Helpers' business and are actionable as slander per se. *See Holtzscheiter*, 332 S.C. at 511, 506 S.E.2d at 502 ("[S]lander is actionable per se . . . if it charges the plaintiff with . . . unfitness in one's business or profession."); *id.* at 510, 506 S.E.2d at 501 ("If a defamation is actionable per se, then under common law principles the law *presumes* the defendant acted with common law malice and that the plaintiff suffered general damages."); *cf. White v. Wilkerson*, 328 S.C. 179, 182-85, 493 S.E.2d 345, 346-48 (1997) (holding a statement made by a mayor on television that $60,000 of a $65,000 settlement between two former police officers and the city constituted attorney fees was defamatory to the attorney because the statement "could impute a derogation from the ethical responsibilities of [the] attorney" and could injure him in his profession); *id.* at 184, 493 S.E.2d at 347 (stating that when determining whether a statement imputes unfitness in one's profession, "it is essential to keep in mind the profession involved").

7. Finally, we hold Frisco's argument that Pet Helpers' attorney abused civil process is not preserved for appellate review because Frisco has raised this issue for the first time on appeal. *See Wilder*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We deny Frisco's motion for oral argument and decide this case without oral argument pursuant to Rule 215, SCACR.